AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Eastern District of California |
|---|---|
| Name Isidro Hernandez | Prisoner No. CDC No. T-26928 — Case No. H023487 |

Place of Confinement California State Prison, Corcoran

2:07-CV-2041 LKK DAD HC

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Isidro Hernandez | v. Mr. Derell Adams |

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack Sunnyvale Superior Court of California 650 West El Camino Real Sunnyvale, CA 94087 Dpts. 81.

2. Date of judgment of conviction August 17, 2001.

3. Length of sentence (Appellant's aggregate term is 27 years-to-life.)

4. Nature of offense involved (all counts) Count (2) Penal Code Section 288(b)(1) a felony within the meaning of Penal Code Section 1203.066(a)(1); Count (3) Penal Code Section (288)(b)(1); a felony within the meaning of Penal Code Section 1203(a)(1); Count (4) Penal Code Section 269, in violation of Penal Code Section 262(a)(2)(2).

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

FILED
SEP 28 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

(2)

AO 241    (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _Court of Appeal Sixth App. District of the State of California H023787_

   (b) Result _Judgment Affirmed by Court of Appeal_

   (c) Date of result and citation, if known _July 30, 2003. Refused to hear my appeal (S-117022)_

   (d) Grounds raised _Defense Counsel's failure to timely Submit Evidence Code 782 Motion to evaluate the credibility of Guadalupe Doe Constitutional Right to a fair trial 6th Amendment._

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _California Supreme Court._

   (2) Result _Petition for Review "Denied."_

   (3) Date of result and citation, if known _July 30, or August 07, 2003 (S-117022)._

   (4) Grounds raised _Defense Counsel's failure to timely submit an evidence Code 782 Motion rise to the level of ineffective assistance of counsel._

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _NONE_

   (2) Result ___

   (3) Date of result and citation, if known ___

   (4) Grounds raised ___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐  No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _NONE_

    (2) Nature of proceeding ___

    (3) Grounds raised ___

AO 241    (Rev. 5/85)

_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Name of proceeding _____
_____

(3) Grounds raised _____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒    No ☐  *Sixth Appellate Court*
(2) Second petition, etc.    Yes ☒    No ☐  *California Supreme Court*

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
  CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241  (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _Ineffective Assistance of Counsel of Trial Appeal. This case presents significant questions of law in that Penal Code Section 782 is unclear as to whether [decision at p.5]._

Supporting FACTS (state *briefly* without citing cases or law): _A prior molestation constitutes "sexual conduct" of the victim. Defense Counsels failure to timely submit such a motion prejudiced deffendant/apellant. To resolve important questions of law. California Rules of Court, Rule 28(b)(1). Also defense counsel through his inability to follow Evidence Code Section 782 and comply with such a motion at the time of trial, caused appellant to lose the ability to have a hearing in camera with the complaining witness, so as to allow the Court to properly determine the viability of the defence._

B. Ground two: _Further exclusion of evidence based on failure to comply with Evidence Code 782 sec. (R.T. Vol. 1, pg. 30, L. 7-11 and 27-28, pg. 31, L. 2-9)._

Supporting FACTS (state *briefly* without citing cases or law): _"Being of Mexican National Origin, has limited capability to speak and understand English fully," "Also voir dire of the Defendant to insure that he understood English sufficiently to assest his Counsel in his defence and understand the Trial proceedings," at one time the Trial Judge did inquire as to Mr. Hernandez, as to his understanding of having been advised of any previous offers to dispose his matter, short of trial, Defendant indicated that he was innocent and that he wanted to go to Trial. (R.T. Vol. 2, 66 L. 25-28, pg. 67 L. 1-4). "Possible 5th, 6th and 14th Constitutional Violations._

(5)

AO 241   (Rev. 5/85)

C. Ground three: Prior inconsistent statements of Guadalupe Does

Supporting FACTS (state *briefly* without citing cases or law): Mother Delfina Muñoz, she had witnessed her daughter being sexually assaulted by her new husband and step-father to Guadalupe Doe, as well as hearing her daughter scream and saw her husband rolling off the bed. (R.T. Vol.1, pg.17, L.6-13, pg.21, L.2-23). Later, the step-father paid Delfina Muñoz $1,000 dollars to drop off charges against him.

D. Ground four: The failure of defense counsel to present a timely filed and written motion with affidavit and in compliance with Evidence Code Sec. 782

Supporting FACTS (state *briefly* without citing cases or law): Grievously harmed defendant from proceeding with a viable defence to the potential indeterminate sentence of 15 years to life on the Penal Code Section 269 charge. Also of great importance Ms. Ritter a Physician Assistant, the prosecution expert on trauma to the hymen, testified that the trauma to the hymen of Guadalupe Doe "All I we're not very good of being able to age these injuries other than to say that there is a fresh injury or not (R.T. Vol. 1, pg. 30, L. 7-11 and 27-28, pg. 31, L. 2-9).

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

The standard of proof beyond a reasonable doubt is required by the Fourteenth Amendment Due Process Clause. 5th, 6th, and 14th Constitutional Amendment Violations "Possible Violations."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing  Mr. Berry G. ReKoon Attorney at Law & Counselor. 658 Leahy St. Redwood City, CA 94061.
    (b) At arraignment and plea  Mr. Berry G. ReKoon Attorney at Law & Counselor. 658 Leahy St. Redwood City, CA 94061

(6)

AO 241    (Rev. 5/85)

    (c) At trial  Barry G. Rekoon, Attorney at Law & Counselor 658 Leahy St. Redwood City, CA 94061

    (d) At sentencing  Barry G. Rekoon, Attorney at Law & Counselor 658 Leahy St. Redwood City, CA 94061.

    (e) On appeal  Flores & Barrios Sidney C. Flores. 97 E. St. James Street Suite 102 San Jose, California 95112

    (f) In any post-conviction proceeding  NONE

    (g) On appeal from any adverse ruling in a post-conviction proceeding  NONE

16. Were you sentenced on more than one count of an indictment, ~~or on more than one indictment, in the same court and at the same time?~~
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: ____

    (b) Give date and length of the above sentence: ____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?  NONE
Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

09-18-2007
Date

*Pedro Hernandez Zuniga*
Signature of Petitioner

(7)