# EXHIBIT 1

COPY

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISIDRO HERNANDEZ,<br><br>    Defendant and Appellant. | H023487<br>(Santa Clara County<br>Super. Ct. No. EE014916)<br><br>FILED<br>MAY 1 6 2003<br>Court of Appeal - Sixth App Dist<br>By_____<br>    DEPUTY |

A jury found defendant Isidro Hernandez guilty of three counts of forcible lewd acts on a child under 14 (Pen. Code, § 288, subd. (b)(1)) and one count of aggravated sexual assault of a child (Pen. Code, § 269). The trial court sentenced defendant to prison for a total of 27 years to life. On appeal, defendant contends that his trial counsel was ineffective because he did not file a motion pursuant to Evidence Code section 782,[1] to evaluate evidence that the victim had been subject to sexual abuse by someone other than defendant. We shall affirm.

**A. FACTS**

From 1992 until 1995, when the victim (Victim) was seven to 10 years old, she and her mother and two younger siblings lived with defendant and his wife in a house in San Jose. Victim's family lived with defendant again from 1997 until 1999, first in Cupertino and then in Sunnyvale. While Victim's family was living with defendant,

---

[1] Hereafter all unspecified statutory references are to the Evidence Code.

Victim's mother worked very long hours and defendant often cared for Victim and the younger children when their mother was at work.

In June 1999, Victim's mother got married, but she kept the marriage a secret and did not move in with her new husband right away. Within a few months, for reasons that are not entirely clear from the record, defendant and his wife told Victim's family to move out of the Sunnyvale house. Victim's family moved out in August or September 1999.

At trial, Victim testified to a series of incidents that began while the families were living together in San Jose and continued through their time in Sunnyvale. On one occasion in San Jose when Victim was about eight years old, and on two or three occasions while in Cupertino defendant called Victim into his bedroom, forced her on to the bed, kissed her, and fondled her breasts. While living in Sunnyvale in 1999, defendant again forced Victim onto the bed and this time he removed all her clothing and penetrated her vagina with his penis. It was only a few months later that the family moved out of the house.

Victim first told her mother about the molestations in March 2000. Mary Lou Ritter, a physician's assistant examined Victim on May 19, 2000. Ms. Ritter observed a narrowing of Victim's hymen consistent with forcible penetration of her vagina sometime in the past. Ms. Ritter could not be specific about the timing of the injury other than to say that it had not occurred within the last week or two.

**B.    THE IN LIMINE MOTION**

In March 2000, around the same time she reported defendant's prior molestation of her, Victim also reported that her mother's new husband had molested her. The prosecutor moved in limine to exclude that evidence. The defendant opposed the motion. Defendant denied that he had molested Victim. His theory was that Victim's mother was so angry with him about kicking her family out of the Sunnyvale house that she made her daughter lie to get revenge. Defendant's attorney argued that evidence that the stepfather

2

had molested Victim would explain the medical evidence to which Ms. Ritter was expected to testify.

The prosecutor characterized the evidence concerning the stepfather as "sexual conduct" of the victim offered to impeach her credibility and absent compliance with section 782, which requires a written motion and offer of proof, among other things, defendant was precluded from using it. Defendant's attorney countered that he did not believe section 782 applied because the evidence did not involve Victim's sexual conduct: "To me, sexual conduct is something that a person willfully undertakes and willfully goes into." Counsel argued: "But conduct, the word itself implies an affirmative act by the person so engaged, not the—I don't believe it contemplated the victim of a molest as having engaged in sexual conduct." The court agreed with defense counsel's reading of the statute. Consequently, the parties simply analyzed the issue under sections 780[2] and 352.

The prosecutor's offer of proof was that Victim had reported to police that her stepfather had touched her buttocks through her clothing but that there was never any skin-to-skin contact. During an interview with an investigator from the district attorney's office Victim denied having been raped by the stepfather. Accordingly, the prosecutor argued that the evidence was not relevant because it could not explain the evidence of forcible penetration.

Defense counsel argued "there are statements given by both [Victim's mother] and [Victim] regarding the nature of that incident, that leads one to believe that it wasn't merely hands on clothing, touching." Counsel's offer of proof recounted the results of interviews by the defense investigator: According to Victim's mother's brother, Victim's

---

[2] Section 780 provides in pertinent part: "Except as otherwise provided by statute, the court or jury may consider in determining the credibility of a witness any matter that has any tendency in reason to prove or disprove the truthfulness of his testimony at the hearing . . . ."

3

mother told him that she heard Victim scream from the bedroom and when she ran to see what had happened she saw her husband (Victim's stepfather) falling off the bed. Victim's mother's report of the incident was that Victim told her that the stepfather laid on top of her on the bed. Victim said she pounded on him until he got off of her. Counsel also offered the fact that Victim's mother had reported that her husband offered her $1,000 to withdraw the charges against him. The prosecutor responded that the district attorney had received the police report of the incident and had declined to file a complaint.

The court found the evidence "comes up a little short, if you will, of evidence that somehow the trauma observed by Ms. Ritter is attributable to someone else other than the defendant."

The court excluded the evidence.

### C. DISCUSSION

The sole issue on appeal is whether defendant's trial attorney was constitutionally ineffective because he failed to prepare and file a motion pursuant to section 782. Presuming section 782 applies to evidence of prior molestations of the victim, the People argue there was no prejudice. We agree with the People.

A criminal defendant has a right to the effective assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art I, § 15.) To demonstrate constitutionally ineffective assistance of counsel, a defendant must prove two things. First, defendant must show that counsel's performance was unreasonable when measured by prevailing professional norms. Second, defendant must show that there is a reasonable probability that but for counsel's acts or omissions, the result of the proceeding would have been more favorable to the defense. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688.) "The proof of this inadequacy or ineffectiveness must be a demonstrable reality and not a speculative matter. [Citations.]" (*People v. Stephenson* (1974) 10 Cal.3d 652, 661.)

Section 782 was designed to protect rape victims from extensive questioning about their prior sexual history unless the defense is able to show in advance that the victim's sexual history is relevant to the issue of the victim's credibility. (See *People v. Casas* (1986) 181 Cal.App.3d 889, 895.) Under section 782, the defendant must (1) make a written motion "stating that the defense has an offer of proof of the relevancy of evidence of the sexual conduct of the complaining witness proposed to be presented and its relevancy in attacking the credibility of the complaining witness. . . ." (§ 782, subd. (a)(1)) and (2) accompany the motion with an affidavit stating the offer of proof. If the court finds the offer of proof sufficient, the court "shall order a hearing out of the presence of the jury, if any, and at the hearing allow the questioning of the complaining witness regarding the offer of proof made by the defendant." (§ 782, subd. (a)(3).) At the end of the hearing, if the court finds that the evidence "is relevant pursuant to Section 780, and is not inadmissible pursuant to Section 352 of this code, the court may make an order stating what evidence may be introduced . . . ." (§ 782, subd. (a)(4).)

In 1987, the Legislature amended section 782 to include sexual crimes against children within its coverage. (Stats. 1987, ch. 177, § 1, p. 1133.) The amendment was passed to "require the same specific detailed procedure if evidence of the sexual conduct of an alleged victim is offered to attack the credibility of the alleged victim in a prosecution involving lewd or lascivious acts as specified, upon a child under the age of 14 years." (Legis. Counsel's Dig., Assem. Bill No. 939 (1987 Reg. Sess.) Summary Dig., p. 56.) In passing the 1987 amendment, the Legislature obviously intended to protect children from embarrassing disclosures of sexual conduct to the same extent it protected adult victims of rape. (*People v. Harlan* (1990) 222 Cal.App.3d 439, 447.)

Whether a prior molestation constitutes "sexual conduct" of the victim within the meaning of section 782 is unclear. Section 782 does not expressly include it. Nor have we found any published case specifically holding that the statute does or does not encompass evidence that the victim had been molested by others. (See *People v. Harlan*,

5

*supra*, 222 Cal.App.3d 439; *People v. Daggett* (1990) 225 Cal.App.3d 751; *People v. Franklin* (1994) 25 Cal.App.4th 328.) Given the state of the law, we cannot say it was unreasonable for defense counsel to conclude that section 782 did not apply. Moreover, in light of the equivocal application of section 782 to the evidence he wanted to use and the trial court's power to exclude it under section 782 if defendant's offer of proof is insufficient, counsel may have decided that it was tactically preferable to wait until trial and offer the evidence under section 780. In any event, even if counsel's failure to file a section 782 motion was unreasonable, defendant cannot prove prejudice.

Defendant's argument on the issue of prejudice is that if his trial counsel had filed a section 782 motion the court would have permitted Victim to be questioned in camera about prior assaults that could have caused the hymeneal changes Ms. Ritter observed. In other words, if his counsel had been given the opportunity to cross-examine Victim in camera, he might have elicited that which he needed to support his defense. The contention is unavailing.

First, under section 782 the defense must make an offer of proof to show that evidence of the sexual conduct of the victim is relevant to the issue of the victim's credibility. (§ 782, subd. (a)(1).) Only if the court finds the offer of proof sufficient on that score must the court order a hearing and allow the victim to be questioned. (§ 782, subd. (a)(3).) In the present case counsel made an oral offer of proof upon which the court presumed: "the stepfather on one particular occasion was on top of the victim, fully clothed, both fully clothed, no skin-to-skin contact, no reports by the victim to anyone either in the medical field or the legal field, that is police, et cetera, or attorneys, or investigators, that there was skin-to-skin contact." On those facts the court found that "it could not have been the stepfather, from everything the court has before it at this time, that it could not have been the stepfather to cause that type of trauma." In short, the court found that the proof defendant offered was not relevant to the issue of Victim's credibility. Thus, it is highly improbable that the court would have found the same facts

6

to be a sufficient offer of proof to warrant further questioning of Victim on the identical issue under section 782.

Second, defendant's argument is pure speculation. Even if the court did order an in camera hearing, there is nothing in the record to suggest that Victim would have testified to something other than that which she reported to her mother, the police, and the investigator who interviewed her.[3]

For these reasons, we find it is not reasonably probable that the outcome would have been any different had counsel made a motion pursuant to section 782.

### D.   DISPOSITION

The judgment is affirmed.

---

[3] In his reply brief defendant suggests that the trier of fact might have found that Victim's allegation against her stepfather were false, which also would have had a bearing upon Victim's credibility. This is not the theory upon which counsel sought to have the evidence admitted at trial and it is not an issue raised in defendant's opening brief. Accordingly, the issue is waived. (*Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 546.)

_____
Premo, Acting P.J.

WE CONCUR:

_____
Bamattre-Manoukian, J.

_____
Wunderlich, J.

People v. Hernandez
H023487

**EXHIBIT 2**

Court of Appeal, Sixth Appellate District - No. H023487
S117022

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

SUPREME COURT
**FILED**

JUL 3 0 2003

Frederick K. Ohlrich Clerk

_____ DEPUTY

THE PEOPLE, Plaintiff and Respondent,

v.

ISIDRO HERNANDEZ, Defendant and Appellant.

Petition for review DENIED.

George, C.J., and Brown, J., were absent and did not participate.

DOCKET
ADM-SF _____
CIV-SF _____
CR-SF SF2001PA1344
Entered by MS
Date 7/31/03

KENNARD
Acting Chief Justice