EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
JILL M. THAYER, State Bar No. 166428
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5954
  Fax:  (415) 703-1234
  Email:  Jill.Thayer@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ISIDRO HERNANDEZ,**<br><br>                    Petitioner,<br><br>v.<br><br>**DERELL ADAMS, Warden,**<br><br>                    Respondent. | C 07-5291 WHA (PR)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY** |

**ARGUMENT**

      Petitioner requests this Court to excuse his nearly three-year delay in filing his petition for writ of habeas corpus because his English is limited, his education is limited, he was unaware of the statute of limitations, he had no legal assistance from other inmates or counsel, the prison did not have the resources to allow him to research the time limits, and he did not have copies of the trial transcript.  Since petitioner did not diligently pursue his claims, and his circumstances are not extraordinary, he has failed to establish that his case warrants equitable tolling.

         Assuming that AEDPA's statute of limitations may be equitably tolled, it is available

1  "only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a
2  petition on time.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005),
3  quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  "Generally, a litigant seeking
4  equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his
5  rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v.
6  DiGuglielmo*, 544 U.S. 408, 418 (2005).  The petitioner must show that the extraordinary
7  circumstances caused the untimeliness.  *Spitsyn v. Moore*, 345 F.3d at 799.
8         Petitioner states that he is a Mexican citizen, that his first speaking language is
9  Spanish, and claims that he has a "very limited understanding of the English language."  Mot. to
10  Grant Pet. at 2.  Notably, petitioner does not claim that he cannot read in English.  A lack of
11  proficiency in English does not warrant equitable tolling where the lack of proficiency has not
12  prevented the petitioner from accessing the courts.  *Cobas v. Burgess*, 306 F.3d 441, 444 (6th
13  Cir. 2002).  "An inability to speak, write, and/or understand English, in and of itself, does not
14  automatically give a petitioner reasonable cause for failing to know about the legal requirements
15  for filing his claims."  *Id.*  In *Cobas*, the petitioner's claim that language difficulties prevented
16  him from timely filing his petition was belied by the circumstances that he had an interpreter for
17  his trial, wrote a detailed letter to his appellate attorney in English, and filed two post-conviction
18  motions in state court and a habeas petition in federal court.  *Id.*
19         The record in the present case discredits petitioner's claim that he has a very limited
20  understanding of English.  Petitioner had an interpreter at his preliminary hearing on August 8,
21  2000, yet declined the services of an interpreter during the trial.  Ex. 1;  Ex. 4 at 3.  He
22  demonstrated his ability to understand English when he confirmed to the court that he did not
23  wish to enter a plea bargain before testimony commenced.  Ex. 2.  On February 9, 2001, at post-
24  trial proceedings, petitioner answered the trial court's questions regarding his lack of funds when
25  he requested appointed counsel.  Ex. 3 at 484.  Responding to petitioner's claims that he did not
26  understand the proceedings, the trial court noted that petitioner did not request the services of an
27  interpreter at trial, and declined an interpreter when the court offered one.  Ex. 3 at 486.
28         Petitioner advised the probation officer that he was able to speak and understand

English. Ex. 4 at 187. Petitioner wrote two detailed letters in Spanish to the trial court on January 25, 2001 regarding his case, which were translated into English. Ex. 4 at 199-202, 235-238. Petitioner wrote another lengthy letter to the trial judge on July 20, 2001. Ex. 4 at 213-215. The letter in the record is in English and does not indicate whether it was translated from Spanish. In the letter, petitioner indicates he is taking English classes at the jail. Ex. 4 at 215. Petitioner attached to his letter numerous certificates and letters showing that he had taken many classes in computers, career development, medical terminology, and typing, and had been satisfactorily employed in the business office at the University of California at San Francisco Medical Center. Ex. 4 at 217-228. Several notes written by petitioner and attached to the probation report demonstrate his ability to write in English. Ex. 4 at 210-212, 216, 217, 231, 229, 231, 234. A letter from petitioner's mother states that petitioner had lived in the United States his entire life. Ex. 4 at 241. Petitioner wrote the instant federal petition in English, as well as the current motion and request for appointment of counsel.

      Petitioner's refusal of an interpreter at trial, proven ability to speak, understand and write in English, successful employment in the business office of a hospital, successful completion of multiple business courses, and length of residence in the United States belie his assertion that he does not understand English. Accordingly, he has failed to demonstrate that his lack of proficiency in English was an extraordinary circumstance that prevented him from filing his petition in a timely manner.

      Moreover, petitioner has failed to show that he diligently pursued his rights in the face of his alleged lack of proficiency in English. "A non-English speaking petitioner must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). Petitioner does not describe any efforts he made in the nearly four-year period after the California Supreme Court denied review to pursue his claims in federal court, by seeking legal materials in Spanish or obtaining translation assistance from any source.

      Petitioner claims he has limited education and no understanding of the legal system,

and that he did not know the statute of limitations existed. Mot. to Grant Pet. at 1-2. "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law and limited access to materials insufficient); *Felder v. Johnson*, 204 F.3d 168, 173-73 & n.10 (5th Cir. (2000) (ignorance of the law no excuse). Pro se representation and procedural ignorance do not excuse a lack of diligence. *Johnson v. United States*, 544 U.S. 295, 311 (2005). Petitioner's educational progress report from 2007 does not assist him, since he must have acted diligently before the statute ran. *Spitsyn v. Moore*, 345 F.3d at 802 (link of causation between extraordinary circumstances and failure to file is broken if petitioner does not exercise reasonable diligence in attempting to file after extraordinary circumstances began); *Lacava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).

Petitioner asserts he had no other fellow inmates or a defense attorney to assist him. Mot. to Grant Pet. at 2. Lack of legal assistance does not justify equitable tolling. *Johnson v. United States*, 544 U.S. at 311; *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) (pro se status alone does not justify equitable tolling); *Voravongsa v. Wall*, 349 F.3d 1, 8 (1st Cir. 2003); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner claims he did not have the resources to look up the time limits at his prison. Mot. to Grant Pet. at 2. A bare assertion that a prison lacked the relevant statutes and case law is inadequate. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A prisoner must provide specific information regarding his efforts to find the necessary materials, when he learned the resources were inadequate, and what he did to remedy the defect. *Helton v. Secretary for Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001); *see Roy v. Lampert*, 465 at 970-72 (inmates specifically described efforts to pursue claims and lack of resources in library).

Petitioner asserts he does not have copies of his transcripts, the jury instructions, or the police report. He concedes having copies of his opening brief on appeal in state court, the respondent's brief, his reply brief, an "opinion letter," his petition for review, and the denial of

the petition for review. Mot. to Grant Pet. at 2.  A petitioner seeking collateral review has no right to a transcript absent a showing of good cause. *United States v. MacCollum*, 426 U.S. 317, 326-27 (1976). Delay in obtaining a transcript does not justify tolling where the transcript is not necessary to file the petition. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002). In *Gassler v. Bruton*, 255 F.3d 492, 495 (5th Cir. 2001), a six-month delay in obtaining the trial transcript was not a basis for equitable tolling where the petitioner waited five months longer to seek post-conviction relief in state court, the transcripts were not necessary to filing, and the petitioner failed to explain what claims he was unable to make without a complete transcript.

In the present case, petitioner filed the instant petition although he states he still does not have a trial transcript. Accordingly, the lack of a transcript, jury instructions and the police report did not cause petitioner's delay in filing the petition. *Felder v. Johnson*, 204 F.3d at 171 n.9 (filing petition before lifting of alleged impediment demonstrates impediment did not prevent filing). Three of the four issues petitioner raises in the instant were argued on appeal in state court. Ex. 5. Petitioner initially raised his fourth claim regarding his inability to understand the proceedings in the trial court in his January 25, 2001 letters to the trial court. Ex. 3 at 486; Ex. 4 at 199-202, 235-238. Accordingly, petitioner was aware of his claims before the statute began to run.

Petitioner filed his petition almost three years after the limitations period expired. He does not show that he diligently pursued his claims after the California Supreme Court denied review. The record demonstrates that petitioner understands English and can write in English and Spanish. Petitioner's claim that his limited education prevented timely filed is belied by the record of his educational and professional accomplishments, and in any event is not an extraordinary circumstance. Petitioner's pro se status does not justify equitable tolling. His claim that the prison's legal resources were inadequate is vague and conclusory.  The lack of a trial transcript did not prevent petitioner from timely filing the instant petition. Accordingly, petitioner is not entitled to equitable tolling.

**CONCLUSION**

Accordingly, respondent respectfully requests that this Court dismiss the petition for writ of habeas corpus with prejudice.

Dated: April 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Jill M. Thayer
JILL M. THAYER
Deputy Attorney General
Attorneys for Respondent

40230194.wpd
SF2008200021

Reply to Oppo. to Motion to Dismiss Habeas Corpus Pet. as Untimely        Hernandez v. Adams, Warden
C 07-5291 WHA (PR)