**EXHIBIT 3**

1          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              IN AND FOR THE COUNTY OF SANTA CLARA

3          BEFORE THE HONORABLE RONALD T. LISK, JUDGE

4                    DEPARTMENT NO. 35

5

6    THE PEOPLE OF THE STATE OF     )
     CALIFORNIA,                     )
7                                    )         COPY
                PLAINTIFF,           )
8                                    )
          VS.                        )      CASE NO.  EE014916
9                                    )
     ISIDRO HERNANDEZ,               )
10                                   )
                DEFENDANT.           )
11   _____ )

12                         ---oOo---

13

14          REPORTER'S TRANSCRIPT OF PROCEEDINGS

15             HELD ON FEBRUARY 9, 2001

16                         ---oOo---

17

18

19

20   APPEARANCES:

21   FOR THE PEOPLE:          JAMES CAHAN
                              DEPUTY DISTRICT ATTORNEY
22

23   FOR THE DEFENDANT:       BARRY REKOON
                              ATTORNEY AT LAW
24

25   PROBATION OFFICE:        KAREN BANUELOS

26

27   OFFICIAL COURT REPORTER: MICHELE C. DAVIS, CSR
                              CERTIFICATE NUMBER #6815
28

```
1    OUT OF PRISON.  HE'D BE THERE FOR THE REST OF HIS NATURAL

2    LIFE PER THE STATUTES.

3              THE COURTS ARE CONFRONTED BY THIS NOT THAT OFTEN

4    WHERE DEFENDANTS HIRE COUNSEL, AREN'T SATISFIED WITH THE

5    RESULT, CLAIM THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL,

6    AND THEN WANT THE COURT TO SOMEHOW SUPPLY THEM WITH ANOTHER

7    LAWYER SO THAT THEY MAY CHALLENGE THE CONVICTION AND ASK FOR

8    A NEW TRIAL BASED UPON INCOMPETENCY OF THE COUNSEL THAT THEY

9    CHOSE AND THEY HIRED.

10             YOU WANT THE PUBLIC NOW TO COME IN AND PICK UP THE

11   TAB FOR THIS.  THE PUBLIC IS PROBABLY GOING TO BE FEEDING

12   AND TAKING CARE OF YOU FOR THE REST OF YOUR LIFE.  AND THE

13   ONLY THING I CAN SUGGEST IS THAT ON THIS TYPE OF A CASE,

14   MR. HERNANDEZ, ESSENTIALLY -- DO YOU OWN ANY PROPERTY?  DO

15   YOU OWN YOUR OWN HOME?

16             THE DEFENDANT:  NO.

17             THE COURT:  THE HOME YOU WERE LIVING IN, WHAT WERE

18   THE CIRCUMSTANCES?

19             MR. REKOON:  RENTING A HOME.

20             THE COURT:  AND YOU HAVE NO SAVINGS ACCOUNTS, NO

21   INVESTMENTS, ANYTHING LIKE THAT?

22             THE DEFENDANT:  (DEFENDANT SHAKES HEAD)

23             MR. REKOON:  SHAKING HIS HEAD, INDICATING NO.

24             THE COURT:  HAS YOUR FAMILY MADE ANY EFFORTS TO

25   TALK TO ANOTHER ATTORNEY TO RETAIN OTHER COUNSEL IN THIS

26   CASE OTHER THAN MR. REKOON?

27             MR. REKOON:  HE SAYS THAT THEY'VE SPOKEN TO TWO OR

28   THREE DIFFERENT LAWYERS, EACH TIME THE MONEY WAS THE PRIMARY
```

1    FACTOR.

2            THE COURT:  MR. HERNANDEZ, AS I UNDERSTAND THE

3    LAW, AND THE D.A. IS CORRECT, YOU HAVE TO MAKE WHAT IS

4    CALLED A COLORABLE CLAIM.  YOU HAVE TO PRESENT TO THE COURT

5    AT LEAST SOME EVIDENCE, OR SOMETHING, SOME FACTS THAT WOULD

6    WARRANT THE COURT REFERRING THIS TO THE CONFLICTS PANEL FOR

7    APPOINTMENT OF A SECOND COUNSEL TO COME IN TO REVIEW THE

8    CASE TO DETERMINE IF, IN FACT, THIS ATTORNEY WAS

9    INCOMPETENT.  THAT'S REQUIRED BY THE CALIFORNIA SUPREME

10    COURT, THE CASE OF PEOPLE VERSUS SMITH.

11            NOW, UPON YOUR BURDEN TO TELL THE COURT, CONVINCE

12    THIS COURT THESE IN FACT WERE YOUR WISHES, YOU HAVE TO HAVE

13    SUFFICIENT GROUNDS FOR THAT PURPOSE.

14            YOU SAID, MR. REKOON, THAT HE SENT A LETTER TO THE

15    COURT?

16            MR. REKOON:  CORRECT.

17            MR. CAHAN:  NO, PROBATION, YOUR HONOR.

18            MR. REKOON:  IT'S ACTUALLY TO PROBATION.  IT'S

19    PART OF THE PROBATION REPORT.

20            THE COURT:  THE DEFENDANT'S STATEMENT, THIS WAS

21    THE ONE HE SENT TO THE DEPARTMENT IN SPANISH THAT'S

22    TRANSLATED BY THE PROBATION DEPARTMENT; IS THAT CORRECT?

23            MR. REKOON:  YES.

24            THE COURT:  MS. BANUELOS?

25            MS. BANUELOS:  YES.

26            THE COURT:  LET ME JUST TAKE A MOMENT, MAKING THIS

27    PART OF THE PROCEEDINGS, IT'S READ, CONSIDERED, AND RECEIVED

28    INTO EVIDENCE FOR PURPOSES OF THIS MOTION.

1          WELL, THE GROUNDS THAT MR. HERNANDEZ SAYS TO THE

2    COURT WAS THAT HE SAID, YOU SAID HIS PUBLIC DEFENDER.

3    MR. HERNANDEZ, MR. REKOON WAS NOT THE PUBLIC DEFENDER, YOU

4    RETAINED HIM.  HE'S PRIVATELY RETAINED.

5          YOU ALSO INDICATE THAT, QUOTE, THERE WAS EYE

6    WITNESSES TO WHAT OCCURRED; FAMILY, CLOSE FRIENDS FROM

7    SCHOOL AND THE CHURCH.  AND THIS WAS GATHERED BY PRIVATE

8    INVESTIGATIONS.

9          THAT YOU DIDN'T UNDERSTAND WHAT WAS GOING ON

10   BECAUSE YOU WEREN'T PROVIDED WITH AN INTERPRETER.

11         AS I LOOK AT THIS CASE, YOU WERE ARRAIGNED BEFORE

12   THIS COURT BACK ON JULY 10TH OF 2000.  YOU APPEARED AGAIN ON

13   JULY 12TH, AUGUST THE 8TH, AUGUST THE 21ST, SEPTEMBER 25TH,

14   OCTOBER 10TH, DECEMBER 4TH, DECEMBER 12TH, AND TODAY.  AT NO

15   TIME DID YOU EVER REQUEST OF THE COURT THAT YOU BE GIVEN

16   ASSISTANCE OF AN INTERPRETER.

17         SECONDLY, AS TO THE DISTRICT ATTORNEY TALKING TO

18   YOUR WITNESSES OUTSIDE OF COURT, THEY HAVE THE ABSOLUTE

19   RIGHT TO DO THAT.  NOW, IF THE ALLEGATION IS THAT YOU HAD

20   WITNESSES TO THE EVENTS -- AS I RECALL, HE'S NEVER

21   REQUESTED AN INTERPRETER.  THE DEPUTY INDICATED TO THE

22   COURT, AND I ASKED THE DEFENDANT TODAY, DO YOU WANT AN

23   INTERPRETER, AND HE SAID, NO.

24         LET ME JUST TAKE ONE GLANCE HERE IF I COULD.

25         ACCORDING TO THE TRIAL NOTES THE COURT HAS KEPT,

26   THERE WAS TESTIMONY FROM DETECTIVE POWELL, MARY LOU RITTER,

27   R-I-T-T-E-R, THE VICTIM, AND I BELIEVE THE VICTIM'S MOTHER.

28         MARY LOU RITTER BEING THE CLINIC COORDINATOR FOR

# EXHIBIT 4

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| **THE PEOPLE** | *PLAINTIFF AND RESPONDENT* | |
| **VS** | | **COURT OF APPEAL NO.:   H023487** |
| **ISIDRO HERNANDEZ** | *DEFENDANT AND APPELLANT* | **VOL.** 1    of    1 |
| | | **PAGES** 1    thru 295 |

CLERK'S TRANSCRIPT ON APPEAL FROM THE JUDGMENT OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF SANTA CLARA.

SUPERIOR COURT NUMBER: ___EE014916___

HONORABLE ____RONALD T. LISK____, JUDGE

APPEARANCES

**DOCKETED**
**SAN FRANCISCO**

NOV 2 1 2001

By ___P. MONTOYA___
No. _SF2001 DA 1344_

ATTORNEY GENERAL
455 GOLDEN GATE AVENUE
ROOM 11000
SAN FRANCISCO, CA 94102

COUNSEL FOR PLAINTIFF
AND RESPONDENT

SIDNEY C. FLORES, ESQ
334 N. SECOND STREET
P.O. BOX 266
SAN JOSE, CA  95103-0266

COUNSEL FOR DEFENDANT
AND APPELLANT

NOTICE OF APPEAL FILED    ___August 17, 2001___

NOTICE OF COMPLETION    _____

)                                          3

1    SUNNYVALE, CALIFORNIA                    AUGUST 8, 2000

2                         PROCEEDINGS

3          THE COURT:  IN THE MATTER OF PEOPLE VERSUS ISIDRO

4    HERNANDEZ.  HE'S PRESENT, BEFORE THE COURT.  HE IS IN

5    CUSTODY.  HE'S ASSISTED BY THE SPANISH INTERPRETER.  WITH

6    HIM IS DEFENSE COUNSEL BARRY RAKOON.  ON BEHALF OF THE

7    PEOPLE JAMES CAHAN APPEARS.

8              THIS MATTER IS SET FOR A PRELIMINARY EXAMINATION.

9              WITNESSES BOTH FOR THE PROSECUTION AND DEFENSE ARE

10   ORDERED EXCLUDED AT THIS TIME.  THEY ARE FURTHER ORDERED NOT

11   TO DISCUSS THEIR TESTIMONY, OR ALLOW ANYONE TO DISCUSS THEIR

12   TESTIMONY WITH THEM.

13             THE PEOPLE, AT THIS TIME, MAY CALL THEIR FIRST

14   WITNESS.

15             MR. CAHAN:  YES, YOUR HONOR.

16             BECAUSE THE VICTIM IN THIS CASE HAS REQUESTED HER

17   MOTHER TO BE PRESENT FOR MORAL SUPPORT, UNDER PENAL CODE

18   SECTION 868.5, WE WILL BE CALLING THE MOTHER FIRST.  AND

19   THAT IS MS. DELFINA MUNOZ.  AND IF I MAY BE EXCUSED FOR A

20   MOMENT?

21             THE COURT:  GO AHEAD.

22             WILL SHE NEED AN INTERPRETER?

23             MR. CAHAN:  NO.

24             THE COURT:  THANK YOU.

25             FOR THE RECORD, WHO ARE THESE PEOPLE IN THE

26   COURTROOM?

27             MR. RAKOON:  THEY ARE THE FAMILY OF MR. HERNANDEZ.

28             THE COURT:  SIT ON THIS SIDE, PLEASE.

In the Case of: ISIDRO HERNANDEZ
Info. #: EE014916 _____                    February 9, 2001

difficulty in concentrating was caused by images of the incidents
"coming into the mind" of her daughter.

She said the victim is still depressed, sad and quiet. She
avoids people and does not make a lot of friends. The victim is
currently seeing a therapist at Alum Rock Counseling Center. She
has been attending one session per week since about April 2000.
Ms. Munoz says the Victim Witness Program has not paid for the
therapy to date but told her they will do so in the future. Ms.
Munoz has been paying $20 per visit to date.

She stated that, "It is going to be very difficult to help my
daughter get rid of all the bad memories. She has had nightmares
and is fearful. Sometimes she is too afraid to go to school
because she imagines her uncle will meet her at school. Some
days she stays home from school due to the 'pressure' she feels."

Ms. Munoz stated that she is concerned because the defendant told
all the family members that the charges are not true. She said,
"I know it's true because I see my daughter suffering."

Regarding the outcome in the present matter she stated, "He
deserves prison because he destroyed my daughter's life. My
daughter is often asked what if my uncle gets out of jail and
tries to kill me. She has said this many times. She is afraid
to think of him getting out of jail."

Ms. Munoz stated that she and her daughter do not want to appear
for sentencing. She said it is too emotionally difficult for
them.

DEFENDANT'S STATEMENT:

The undersigned officer met with the defendant for an interview
at the Elmwood facility. The defendant provided a written
statement. The written statement and a translation completed by
Deputy Probation Officer Sandra Marquez are attached. The
defendant appeared sad and was soft-spoken during the interview.
He was able to speak and understand English but prefers to have a
Spanish interpreter when he appears in Court.

The defendant elected to remain silent regarding the offense
until he speaks to a new attorney. He said that in his letter he
is requesting the mercy of the court and wished to re-open the
case to show that he was misrepresented by his attorney.

The defendant described himself as a religious man who leads
Bible studies inside the jail. He said he was also active with
his religious community prior to his arrest.
The defendant stated that he had no history of alcohol or drug
use.

187

4

In the Case of: ISIDRO HERNANDEZ
Info. #: EE014916                                    February 9, 2001

Regarding the outcome in the present matter the defendant stated,
"I'm asking the judge for mercy in sentencing.  If anything
happened to that family I am sorry because they are my family
too.  I am asking for the minimal sentence because I have
responsibilities to my family.  Also my mother is dependent upon
me.  I send money to my parents in Mexico."

INTERESTED PARTIES:

The undersigned officer spoke to Saundra Bretz, the school
counselor for the victim at the middle school she attended when
the current offense was revealed.  Ms. Bretz said she is also
trained as a therapist.  She spoke to the impact of the offense
on the victim.  The victim has become withdrawn and has great
difficulty interacting with peers.  She is a bright student but
she failed middle school.  She said the victim had difficulty
focusing on her school work because the molest incident occupied
a tremendous amount of her thinking.

According to the CII the defendant was convicted for Grand Theft
in Los Angeles County in 1975.  He was granted two years
probation and sentenced to 20 days County jail.  The matter was
later dismissed pursuant to 1203.4 of the Penal Code.  In 1977
the defendant was convicted for a Second Degree Burglary in Los
Angeles County and granted Summary probation.  The matter was
later dismissed pursuant to 1203.4 of the Penal Code.

JUDICIAL COUNCIL RULES 414, 421 & 423:  (Attached)

CASE EVALUATION:

Isidro Hernandez is 46 years old and appears before the Court for
sentencing after having been found guilty by jury of three counts
of Lewd and Lascivious Acts on a Child by Force and Fear and one
count of Aggravated Sexual Assault on a Child Under Age Fourteen
when the Child was Ten or More Years Younger than the Defendant.
The defendant molested the victim over three separate time frames
and while they lived together in three different residences.
These incidents occurred when the child was between the ages of
six and thirteen.

The defendant has two prior convictions in Los Angeles County
which were dismissed pursuant to 1203.4 of the Penal Code.  This
is his first referral to the Santa Clara County Probation
Department.

The defendant presented himself in a quiet and polite manner.
However, he declined to discuss the offense because he wants to
retain a new attorney and appeal the conviction.

The defendant is statutorily ineligible for probation in this
matter in that a probation ineligibility allegation pursuant to

188

Re: **HERNANDEZ, Isidro**
**PFN: DQL 009**
**Docket No: EE014916**

## DEFENDANT'S STATEMENT
### (Translated from Spanish by DPO Marquez)

Mr. Judge,

This letter is the only way I can communicate with you. I thank you beforehand for taking the time to read it.

I have been convicted of a crime and I'm facing many years in prison and honestly I feel it is not fair. I'm appealing to you Mr. Judge and to the Court requesting your mercy and ask you to reopen my case from the beginning stages by means of a motion and with a new public defender.

I have valid reasons to demonstrate that I have been poorly represented by my current public defender from the beginning of my case.

Mr. Judge, I do not know anything about the law and I do not speak or understand English very well. But I do believe in The All Mighty God and in his justice; and I appeal before you for mercy and for the goodness of God.

I have my own copies of the information gathered from investigative interviews from eye witnesses, family, close friends from school and the Church. All this information was gathered by an office of private investigations.

Unfortunately, my public defender did not prepare my defense legally, and the last day of my Jury, I saw the District Attorney outside of the Court next to Camino Real, questioning the last person on my defense, and I think this is illegal, because I feel that he used that information he gathered from Ms. Guillermina Munoz against me. She was not given an opportunity to clarify the questions asked by the District Attorney, furthermore she suffers from STRESS.

Mr. Judge, all the persons who where interviewed previously want to appear in Court again, before a new Jury and declare everything they know before the Court.

Besides, I was not provided with an interpreter at the beginning and during the part with the Jury. And it appears from what I understood that you asked my public defender if I

199

was offered "motions" or an "offer", <u>something like that I understood,</u> but I don't know what that means and none of that was offered to me.

Please, I implore to Mr. Judge and the Court "mercy" and to provide me with another opportunity for my case to be reopened, from the beginning [through a motion] pursuant to the Laws of the United States.

I again thank you for reading my letter and for your time, and please consider this opportunity that I'm pleading for with this sincere heart of mine.

Yours sincerely,

Isidro Hernandez Z.

January 25, 2001

200

EE01496

Enero 25,2,001

Sr. Juez

Esta carta es mi único medio para comunicarme con usted y le doy las gracias de antemano por su tiempo y por leerla.

Yo he sido convicto de un crimen, y estoy enfrentando muchos años en prisión, y honestamente siento yo que no es justo. Estoy apelando a usted Señor Juez y a la Corte, suplicándoles misericordia para pedirles que se rehaga mi caso desde el principio, por medio de una Moción, y con un nuevo Abogado Defensor.

Tengo razones válidas para demostrar que he sido mal representado por mi Abogado Defensor desde el comienzo de mi caso.

Señor Juez : Yo no se nada de Leyes, y no hablo ni entiendo muy bien el Inglés. Pero yo creo en El Dios Todo Poderoso y en su Justicia; Y yo Apelo ante usted por misericordia y por la Gracia de Dios.

Tengo mis copias de información de personas entrevistadas que se obtuvieron bajo investigación como: Testigos Oculares, - Familiares - Parientes, Amigos cercanos de la Escuela, y la Iglesia. Todas estas entrevistas las llevó acabo una Oficina de Investigadores Privados.

Desafortunadamente mi Abogado Defensor nó preparó a mi Defenza Legalmente, y el último día del Jurado, yo ví al Señor Fiscal afuera del edificio de la Corte al lado del Camino Real, interrogando a la última persona de mi Defenza, y Yo creo que esto es ilegal, pues yo sentí que el la usó en contra de mí por la clase de preguntas que él le hizo a la Señora Guillermina - Muñoz; a ella no se le dió oportunidad de aclarar las preguntas del Señor Fiscal, además ella padece de STRESS. 201

Señor Juez : Todas las personas entrevistadas quieren presentarse en Corte, ante un Juicio nuevo → 1 OVER

301

y declarar todo lo que saben ante la Corte.

Además a mí no se me proveyó un Intérprete al comienzo y durante toda la sección del Juicio con Jurado. Y (Parece) que entendí que usted le preguntó a mi abogado Defensor, que si a mí no me ofrecieron "Mociones", o "Oferta", algo así entendí, pero no sé que es eso; A mí no se me dijo nada de eso.

Por favor, le suplíco al Señor Juez y a la Corte "Misericordia" de que me concedan una oportunidad de que se rehaga mi caso, nuevamente desde el principio (Mediante una Moción) de acuerdo con las Leyes de Estados Unidos.

Le doy las gracias nuevamente por leer mi carta y por su tiempo, y considere esta oportunidad que le estoy — suplicando con este corazón sincero.

Atentamente: Isidro Hernández z.

Enero 25, 2,001.

202

```
11004 CLET  00058 PPA  12/20/00 14:49:55
12/20/00  14:49:55  FROM CLETS:
4PCAOPCA..IH

RE:OHY.CA0430136.05470554.SCHMIDT      DATE:20001220 TIME:14:52:23
RESTRICTED-DO NOT USE FOR EMPLOYMENT.LICENSING OR CERTIFICATION PURPOSES
ATTN:SCHMIDT.EE014916.PSI
** III MULTI STATE RECORD
CII/A05470554
DOB/19540404    SEX/M  RAC/HISPANIC
HGT/506 WGT/160  EYE/BLK  HAI/BLK  POB/MM
NAM/01 HERNANDEZ.ISIDRO ZUNIGA
    02 HERNANDEZ.ISIDRO ZUNIGA
    03 HERNANDEZ.ISIDRO
    04 ZUNIGA.ISIDRO
FPC HENRY
O  9 U OOI  6
L 18 R OOI 12
FBI/472245PS
CDL/N4749429
SOC/549111655
MDS/CTZ MM
OCC/MECHANIC: MACHINE OPERATR: LABORER: OFFICE ASST


* * * *
ARR/DET/CITE:        NAM:01
19751101  CAPD LOS ANGELES
CNT:01    #1389841-H 3640752
  487.1 PC-GRAND THEFT:PROPERTY
 DISPO:ACTION PENDING
CNT:02    #1389841-H 3640752
  -WARRANT
  484 PC-THEFT
CNT:03    #1389841-H 3640752
  -WARRANT
  487.1 PC-GRAND THEFT:PROPERTY
- - - -
COURT:        NAM:01
19751105  CAMC LOS ANGELES METRO
CNT:01    #31529559
  487.1 PC-GRAND THEFT:PROPERTY
 DISPO:DISMISSED
CNT:02    #31529559
  484 PC-THEFT
*DISPO:CONVICTED
  SEN: 24 MO PROB. 20 DS JL 4 DS CTS.
19940418

 DISPO:CONV SET ASIDE & DISM PER 1203.4 PC
* * * *
ARR/DET/CITE:        NAM:02
19770210  CAPD LOS ANGELES
CNT:01    #1389841-H 4247246
  459 PC-BURGLARY
 DISPO:ACTION PENDING
- - - -
COURT:        NAM:02
19770504  CASC LOS ANGELES CENTRAL
```

CONTROLLED DOCUMENT
Released by SCCAPD to:

DA: _____ Date _____ By: _____
ATT: _____ Date _____ By: _____
Other: CRT Date 2-1-01 By: PLO

203

Original document illegible



I still support and help my Mother
in "México".

210

*His mom NEEDS money THATS ON HIS menny Books ASAP*

F-0
IMPORTANT,

Sent 211
to her

# INMATE REQUEST FORM (\$200.°°) *

**INMATE NAME:** Isidro Hernández      **DATE** 03/18/2001

**CEN:** 00040763    **PFN:** DQL009   **HOUSING UNIT:** M4 C 15

---

### 1. CONTACT REQUEST: OUTSIDE AGENCY

| | | | | |
|---|---|---|---|---|
| ☐ DISTRICT ATTORNEY | ☐ PUBLIC DEFENDER | ☐ ADULT PROBATION | ☐ STATE PAROLE | ☐ OTHER SPECIFY: |

NATURE OF REQUEST

---

### 2. CONTACT/INFORMATION: INSIDE FACILITY

| CLASSIFICATION SECTION | INMATE SERVICE DIRECTOR | PROGRAMS DIRECTOR | ADMINISTRATIVE BOOKING | OTHER |
|---|---|---|---|---|
| ☐ REHOUSING | ☐ COMMISSARY | ☐ LAW LIBRARY | ☐ RELEASE DATE | ☐ CHAPLAIN |
| ☐ TRUSTEE | ☐ MONEY ACCOUNT | ☐ A.A. | ☐ CHARGES | ☐ FOOD SERVICE |
| ☐ RECLASS. | ☐ MAIL | ☒ FRIENDS OUTSIDE | ☐ BAIL | ☐ BAIL BONDS |
| ☐ WWP | ☐ LOST PROPERTY | ☐ OTHER: SPECIFY BELOW | ☐ NEXT COURT DATE | ☐ OTHER: SPECIFY BELOW |
| ☐ PSP | ☐ LOST CLOTHING | | | |

NATURE OF REQUEST: About Sending money to my MoM
Is very Important "PLEASE"

---

### 3. ACTION TAKEN/RESPONSE

| | | | |
|---|---|---|---|
| ☐ RESPONSE BELOW | ☐ REQUEST FORWARDED OUTSIDE FACILITY | ☐ REQUEST DENIED SEE EXPLANATION | ☐ CANNOT BE ACTED ON AT THIS TIME. |
| ☐ PREVIOUS REQUEST IN PROGRESS | | | |

EXPLANATION/RESPONSE:

211

**OFFICER SIGNATURE:** Danley    **BADGE #** 2248   **DATE** 3/18/01   **TIME** 1700

ORIGINAL-RECORD FILE          CANARY-RETURN TO INMATE AFTER ACTION          PINK-RETURNED TO INMATE

3623 REV 4/89                                                              808.00

Agost 15, 2,001.

In Elmwood I'm preaching and giving the
Word to all my fellows inmates of ——
Jehovah's Withness."

"Bible study"
From: 2,000 / To: 2,001

Name — last name — BK. Number — ELMWOOD CORR. FAC. MS-C

1. ISIDRO HERNÁNDEZ  00040763 DQL009   "   "   "
2. John Cahill     01022805 DHU481    "   "   "
3. William Gonzalez  01041278 CXJ790 "   "   "
4. Juan González  01041668/KDF854  "   "   "
5. Baudilio Martinez 01010117 - DKI-575   "   "   "
6. manuel Tinoco    01015698 - DRD-828   "   "   "
7. SAMUEL CHAVEZ 01030584  DRD 798  "   "   "
8. FELIX  GIZCIA 01024032  DRG-815"   "   "
9. Francisco  Becerra  01033678  DAI 986
10. ERNESTO FERNANDEZ MUÑOZ 01036992  RRJ 564
11. Steve Wright  01041985  DQA 764   "   "   "
12. GUS VILLANpeña ————————   "   "   "
13. Miguel Gonzales ————————   "   "   "
14. Miguel Maya 0134823 / DOH134"   "   "

From:
2,000 To        From: ELMWOOD CORR. FAC./Now they are in: San Quentino
2,001  1. Hector Becerra T233225 B-411                            CA.
       2. Charles Simmons T34743
       3. Juan Gonsalez T18116                   212

"Minister"  Isidro Hernandez Zuñiga

July 20, 2001

From:       Isidro Hernandez Z.

To:         Judge Ronald T. Lisk

Dear Judge:

Your Honor, I write this letter to you as this is the only way I can get in contact with you and I thank you in advance for your time and for reading it.

I have been convicted for a crime and I am having some time in prison. The time I have spent in jail has been tough and painful, however, it has helped me change my life, making me have a more humble, honest and respectful attitude in my hearth toward everybody.

Your Honor, I am sincerely concerned for what has happened to the Munoz family, and to Guadalupe Munoz, my niece, I am also suffering and I have deep sorrow in my heart, like they do have, as they are my family too.

I can assure you and the Court that my only intention was to help them in all I could, I never meant them any harm. Honestly, I am praying to God everyday and I ask for His forgiveness if I could have sinned against her in any way.

Unfortunately, as long as I can not prove that I am innocent, and the truth won't be revealed, before society, I will always be guilty.

Your Honor, I ask you and the Court to allow me to humble myself before them and beg for their forgiveness for anything that they or Guadalupe have accused me of, and I want to do it on my knees, in front of them and in front of you, Your Honor. All I want is for this hatred and vengeance that my sister in law has against me to come to an end. And again, given that my innocence can not be proved, I offer my body for any examination that could be done.

- 1 -                              213

Your Honor, I beg you and the Court to be merciful upon me, to give me a change to get my freedom back, maybe by enrolling in a program or on probation, so that I can go back to my community.

I promise you and the Court that you will never hear from me again, that I will never set foot in Court again.

With God's help I would continue working hard at the hospital and helping my family to recover from this economic and emotional trauma they have gone through. My daughter is currently ill and my wife is getting sick as well.

My mother, a 74 years old widow, living by herself in Mexico, depends economically from me to support her. My family and I are broke, some friends and relatives bring voluntary contributions to my family for my legal defense.

Your Honor, neither my family nor I have ever been a burden for the government, on the contrary, I have always tried to cooperate with the authorities, I even started taking classes and training to become an aid when a natural disaster strikes. I am enclosing herein copies of certificates and information to prove the kind of person I am, such as:

1. I have tried to help my mates in jail when they have gone through emotional crisis by giving them teachings from the Bible, individually or in groups.

2. I have a valid identification from church to preach the good news of the kingdom of God.

3. I worked as "trustee" in jail for a couple of months (in dorm; out cord).

4. Recommendation letters from my last job at the San Francisco Hospital (UCSF).

5. Recommendation letters from my training school and teachers.

6. Recommendation letters from relatives and acquaintances.

- 2 -

214

7. Certificate of the state of California indicating CPR training.

8. California Driver's License record for the last ten years.

9. Career title as Medical Office Support Specialist and certificate of training.

10. I have taken English classes in jail at Elmwood.

I did not have all these papers with me before, that is why I am sending them to you now. Please take just a moment to read and review them.

I beg you, Judge Lisk, and the Court, to have mercy at the time of determining my case and sentencing.

With a true heart, with a heart full of gratitude, I thank you for your time and for reading my letter.

Sincerely,


Isidro Hernandez Zuniga
July 20, 2001


- 3 -

**215**

# INMATE REQUEST FORM

INMATE NAME: _Isidro Hernandez_     DATE _10-6-900_

CEN: _000 00763_    PFN: _DQL009_    HOUSING UNIT: _M4-C   9_

## 1. CONTACT REQUEST: OUTSIDE AGENCY

☐ DISTRICT ATTORNEY     ☐ PUBLIC DEFENDER     ☐ ADULT PROBATION     ☐ STATE PAROLE     ☐ OTHER SPECIFY: _____

NATURE OF REQUEST _____

## 2. CONTACT/INFORMATION: INSIDE FACILITY

**CLASSIFICATION SECTION**
☐ REHOUSING
☒ TRUSTEE
☐ RECLASS.
☐ WWP
☐ PSP

**INMATE SERVICE DIRECTOR**
☐ COMMISSARY
☐ MONEY ACCOUNT
☐ MAIL
☐ LOST PROPERTY
☐ LOST CLOTHING

**PROGRAMS DIRECTOR**
☐ LAW LIBRARY
☐ A.A.
☐ FRIENDS OUTSIDE
☐ OTHER: SPECIFY BELOW

**ADMINISTRATIVE BOOKING**
☐ RELEASE DATE
☐ CHARGES
☐ BAIL
☐ NEXT COURT DATE

**OTHER**
☐ CHAPLAIN
☐ FOOD SERVICE
☐ BAIL BONDS
☒ OTHER: SPECIFY BELOW

NATURE OF REQUEST: _I formally request to be a trustee_
_Thank you._

## 3. ACTION TAKEN/RESPONSE

☐ RESPONSE BELOW     ☐ REQUEST FORWARDED OUTSIDE FACILITY     ☐ REQUEST DENIED SEE EXPLANATION     ☐ CANNOT BE ACTED ON AT THIS TIME.

☐ PREVIOUS REQUEST IN PROGRESS                                216

EXPLANATION/RESPONSE: _Approved as Dorm Trustee_
_→ As of 10-14-00 Appointed As Conc trustee_
_Talul #1584_

OFFICER SIGNATURE: _____     BADGE # _2852_  DATE _10/17/00_  TIME _11.00_

ORIGINAL-RECORD FILE          CANARY-RETURN TO INMATE AFTER ACTION          PINK-RETURNED TO INMATE

Ⓢ 3623 REV 4/89                                                              808.00

Photographic Image May Be Poor Due To Condition Of Original Document.



Hospital U C S F
(UCSF) HOSPITAL

June 14, 2000

To Whom It May Concern:

This is a letter in reference to Mr. Isidro Zuniga, who has been assigned through
Manpower Temporary Agency since late March of this year to work in the Business Office
of the UCSF Medical Center Perioperative Services. He is currently responsible for timely
and accurate submission of Operating Room patient charges.

Mr. Zuniga has proven to be a reliable and trustworthy employee. He has not missed a
day of work and is always punctual and neat in his habits. He is willing and able to learn
new tasks and is cooperative with his superiors and co-workers. He is a pleasant and
courteous individual who is sensitive to others' needs and always willing to be of help in
any way possible.

I am convinced of Mr. Zuniga's moral character to be of the utmost highest of standards.
He has never used foul language in the work place nor has ever displayed improper
behavior towards staff or visitors that I know of. He has not verbally or physically
harassed me nor have I heard of any incidents of others being harassed by him.

I would highly consider Mr. Zuniga as a model citizen and would entrust children to be
cared for in his home based on my observance of his character.

Please do not hesitate to call me at (415)353-1840 for further assistance.

Sincerely,

Eleanor E. Kuroda

Eleanor E. Kuroda
Administrative Assistant
UCSF Perioperative Services

217

```
┌─────────────────────────────────┐
│  ┌───────────────────────────┐  │
│  │ Computer Business College │  │
│  └───────────────────────────┘  │
│                                 │
│         Progress Report         │
│                                 │
└─────────────────────────────────┘
```

Student:ISIDRO ZUNIGA              Social Security #: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
   Start Date:03/08/1999    End Date:07/09/1999

Course:Medical Office Support Staff Specialist    Course#:9100    GPA:A
                                                                   95.00
| Number | Course Name | Date | Credits | Grade |
|--------|-------------|------|---------|-------|
| CIS100 | Computer Literacy | 03/12/1999 | 1.00 | A |
| CIS101 | Apple Computer Operation | 03/12/1999 | 1.00 | A |
| GED104 | Career Development | 03/12/1999 | 1.00 | A |
| CIS102 | IBM PC Computer Operation | 03/19/1999 | 2.00 | A |
| WP104 | Word Processing Part II | 03/26/1999 | 2.00 | A |
| BM101 | Typing / Keyboarding part I | 04/02/1999 | 2.00 | A |
| MED102 | Medical Terminology Part I | 04/16/1999 | 2.00 | A |
| BM101A | Typing / Keyboarding part II | 04/23/1999 | 2.00 | A |
| MED103 | Medical Insurance, Records, Laws & | 04/30/1999 | 2.00 | A |
| BUS301 | Windows Operation | 05/14/1999 | 2.00 | A |
| MED101 | Medical Office Procedures | 05/28/1999 | 2.00 | A |
| GED104A | Career Development  Part II | 06/11/1999 | 1.00 | A |
| MED102A | Medical Terminology Part 2 | 06/18/1999 | 2.00 | A |
| MED103A | Medical Ins.,Rec.,Law & Ethics Part II | 07/09/1999 | 2.00 | A |
|  |  |  | 24.00 | A |



_Registrar_     7/9/99         218
                _Date_

Original document illegible



# Computer Business College

July 13, 1999

To Whom It May Concern:

This is a letter of recommendation for Isidro H. Zuñiga. He was a student in my Windows, Word and Excel class.

Isidro was an outstanding student who was self-motivated and hard working. He was always eager to learn and willingly completed all class projects and assignments.

I highly recommend Isidro and believe he will be an asset to any organization that he works for.

Sincerely,

Gary Le
Instructor, CBC

i. King Road
ose, CA 95133
408) 258-0986
408) 258-8553

uthgate Ave.
City, CA 94015
415) 755-9191
115) 755-3585

219

# Computer Business College

Debra Huff
Instructor CBC
650 N. King Road
San Jose, CA 95133
(408) 258-0986
July 9, 1999

l. King Road
ose, CA 95133
408) 258-0986
408) 258-8553

uthgate Ave.
City, CA 94015
415) 755-9191
115) 755-3585

To Whom It May Concern:

This is a letter of recommendation for Isidro Zuniga. I had the
pleasure of being a teacher of his at Computer Business College. He
was a joy to work with.

Isidro is hardworking and efficient. He was helpful to others in his
classes. He is able to work alone and he works well with others. He
always had a smile on his face and nice things to say about
everybody.

I feel that he would be an asset to any company that hires him. He
is always ready and willing to help and be of service.

Please feel free to call if you have any further questions regarding
Isidro.

Sincerely

Debra Huff
Instructor, CBC

220

(TITLE)



COMPUTER BUSINESS COLLEGE

Certificate of
Scholastic Achievement

TO: Isidro Zuniga

FOR: Successful Completion of the Medical Office Support Specialist Program

850 North King Road, San Jose, CA 95133

Allen Allgood, Director      July 1999

221



# Certificate of

## Keyboarding Achievement

This is to Certify that ——— Isidro H. Zuñiga ——— has achieved

an average of ——— 50 ——— wpm, based on a five minute time test.

Date taken ——— 3-26-1999 ——— Gross wpm ——— 50 ——— Errors ——— 0

### This Student has earned Special Recognition.

——— March 26, 1999 ———

**Date**

Instructor, Supervisor
Computer Business College, San Jose, CA

222



Santa Clara Unified School District
Educational Options

Certificate of Achievement

Is awarded to

Isidro Hernandez Zuniga

for demonstrated achievement of skills in

Windows 95 & Introductions to PC

Awarded on this Twenty fifth day of March, 1997

Director

223



This Certificate

IS PRESENTED TO

ISIDRO HERNÁNDEZ ZÚÑIGA

FOR OUTSTANDING ACHIEVEMENT IN

*Microsoft Excel 97*

COMPUTER BUSINESS COLLEGE
SAN JOSE, CALIFORNIA

Gary Le, Instructor
July 9, 1999

224



# SANTA CLARA ADULT EDUCATION

1840 Benton Street, Santa Clara, CA

## CERTIFICATE OF COMPLETION

This is to certify that

### ISIDRO HERNANDEZ ZUNIGA

Has successfully completed a course in

## BEGINNING MS POWERPOINT 7.0

31 October, 1997

*Attended 91% of scheduled classes*

Instructor

Director

**Santa Clara Unified School District**
Educational Options
An Equal Opportunity Employer With Non-Discriminatory Programs and Activities

225

7 7 / 2

# APPLE MACINTOSH OPERATION
## Course Schedule

1.   Introduction
2.   **MAC Tour**          -      Engine Tour
3.   **Professor MAC**     -
4.   **MAC Operation/Basic Topics**

*The Student is asked to take notes for MAC Operation*

5.   Lesson 1      -      Getting Started
                          Ask the Instructor for Quiz #1

6.   Lesson 2      -      What Makes a Macintosh
                          Ask the Instructor for Quiz #2

7.   Lesson 3      -      Basic Operating Principle
                          Ask the Instructor for Quiz #3

8..  Lesson 4      -      Disk, Data and Files
                          Ask the Instructor for Quiz #4

Note:     Advance students will be given additional assignments (Lesson 5 - 12)


Quiz 1: 3 _80%_  Quiz 2: _A_   Quiz 3: _B +_   Quiz 4: _A_

Attendance: _100%_


Name: _ISIDRO H ZUÑIGA_     Instructor: _Debra_

Start Date: _03/15/99_          End Date: _____


226



Milpitas
Adult
Education

# Certificate of Completion

Isidro Hawcender

Is presented this award for
completing

E.S.L.

Instructor _____

01/31/01
Date _____

227



This Certificate

IS PRESENTED TO

ISIDRO H. ZUNIGA

FOR OUTSTANDING ACHIEVEMENT IN

Windows 95/98

Computer Business College

June 1, 1999

Gary Le
Instructor

228

PREACHING TO THE PEOPLE THE GOSPEL OF
JEHOVAHS KINDOM



Original document illegible

229

TO WHOME IT MAY CONCERN :
I AM VERY HAPPY TO SEE ISIDRO HERNANDEZ
ZUNIGA START UP THE CAREER LADDER WITH YOUR
HOSPITAL ORGANIZATION ,BUT I MUST ADMIT THAT
ISIDRO IS A TRULY DEAR FRIEND OF MIND FOR THE
PAST FIVE YEARS.
I HAVE NEVER MET A MORE DEDICATED ,HONEST
INTELLIGENT,ENERGETIC AND THE MOST KIND-
HEARTED PERSON ,AND ITS BEEN I HONOR AND
A PREVILAGE TO KNOW HIM , SINCE I BEEN
ASSOCIATED WITH ISIDRO HE HAS TAUGHT ME THE
TO APPRECIATE THAT FRIENDS ARE LIKE A
DIAMOND,BECAUSE THEY ARE SO VALUABLE.
ISIDRO HAS DEMONSTRATED HE HAS THE VERY
POTENTIAL TO ACCEPT ANY RESPOSIBLTIES
HIS EXCELLENTJUDGEMENT ,EFFICIENCY THAT
WILL BENIFIT YOUR HOSPITAL ORGANIZATION.
AND FURTHERMORE HIS INTEGRITY ,FAITHFULNESS
AND ESPECIALLY HIS CONCERN TO CARE FOR
OTHERS.
THATS WHY I AM SO HONORED TO WRITE A LETTER
OF RECOMMENDATION OR REFERENCE TO THIS
FINE GENTLEMAN AND DEAR FRIEND OF MIND
I YOU HAVE ANY QUESTIONS REGARDING THIS
LETTER OR MY DEAR FRIEND PLEASE FEEL FREE
TO CALL ME AT MY HOME (408)732-8259 AFTER
4:00PM   AND I WISH YOU BOTH THE BEST

YOURS TRULY ISIDRO DEAR FRIEND
MANUEL PERALES DIAZ

230



*CDL last 10 years*

(H6)

CALIFORNIA DEPARTMENT OF MOTOR VEHICLES
***CUSTOMER RECEIPT COPY***
DRIVER LICENSE/IDENTIFICATION CARD
INFORMATION REQUEST
10/06/99

DAD99933632H6N4749429
DATE:10-06-99 TIME:12:41*
    DL/NO:N4749429*B/D:04-04-1954 NAME:ZUNIGA ISIDRO HERNANDEZ*
    ADDR AS OF 07-08-98:297 HIDDENLAKE DR, SUNNYVALE 94089*CC:43*
    OTH/ADDR AS OF 04-08-97:635 S 11TH ST APT 12, SAN JOSE *
    AKA:HERNANDEZ ISIDRO ZUNIGA,ZUNIGO ISIDRO HERNANDEZ*

    PULL NOTICE:NONE*

    P&M CODE:NONE*

    REVIEW DT:NONE*

    COMMENT:
      NO:MM PURGE:04-13 5160405932818 N 13TH ST                    SAN
      JOSE     CA95112100251604059305S002 *
      NO:MM PURGE:04-17 6320408972635 S 11TH ST APT 12             SAN
      JOSE     CA95112128063204089747S087 *

    ARREST REPORT SUBRECORD: NONE*


    STATUS:
    LIC/ISS:04-08-97 LIC/MLD:04-29-97 EXP:04-04-01 RBM2*
    RESTR:NONE*
    CLASS:C NON-COMMERCIAL*ENDORSEMENTS:NONE*
    HEALTH QUESTIONNAIRE EXPIRES:NONE*
    PREV LIC:CL C NON-COMML EXP/BD:97*CERT:NONE*
    LATEST APP:RENEWAL*ISS/DATE:04-08-97 OFF:STC*BATES:MAG*
    PHOTO INFO:
      :A- DL PHOTO ON VENDOR FILE*
    LEGAL HISTORY:
    LEGAL FILE:L*
    ABSTRACTS:

| VIOL DT | CONV DT | SEC VIOL | DISP | COURT | DOCKET | VEH LIC | R/C FTP |
|---------|---------|----------|------|-------|--------|---------|---------|
| 03-18-98 | 07-09-98 | 216555 VC | C | 43471 | H898166 | 3JLG020 | X |
| * | | 40508A VC | | | | | |

    DMV POINT COUNT: 0
    UPDATED:07-21-98
    FTP:NONE*
    FTA:NONE*
    ACCIDENTS:NONE*

    * * * END * * *   *Clear chk*

*Was only a Carpool Ticket*
*I lost the Ticket but it's been Paid*

231

632 100699 B1 5023 DIR $    5.00

*Original document illegible*

("CPR")

Original document illegible

CARDIO PULMONARY RESUSCITATION
PROVIDER

 

**HEALTHCARE PROVIDER** — American Heart Association. Fighting Heart Disease and Stroke

*ISIDRO HERNANDEZ ZUNIGA*

has successfully completed the national cognitive and skills evaluations in accordance with the curriculum of the American Heart Association for the BLS for Healthcare Providers Program.

5/18/99                    5/01
Issue Date                 Recommended Renewal Date

Name of
AHA Region          W.S.R. - Los Angeles County

Name of Community
Training Center      Healthwatch

Instructor's
Name

Instructor's
I.D. No.              (800) 464-6451

Holder's
Signature   *Isidro Hernandez Zuniga*
©1997, American Heart Association              70-0169

234

January 25, 2001

Honorable Ronald Lisk:

This letter is my only way in order to communicate with you and I thank you ahead of time for your time and reading it.

I have been convicted of a crime, and I am facing many years in prison and I honestly feel that is not fair. I am appealing to you Honorable Ronald Lisk and to the court begging you mercy, in order to request that reopen my case from the beginning by means of a *"Motion"* and *__with a new Defense Lawyer__*. I have valid reasons to demonstrate that my Defense Lawyer has wrong represented me since the beginning of the case.

Honorable Ronald Lisk: I don't know anything about *"LAWS"*, and don't speak nor understand very well the English, but I believe in the almighty God and in his justice. I appeal before you for mercy and for the grace of God.

I have my copies of information of all interviewed people that they were obtained under investigation like: ocular witness, family, relative, near friends of the school and the church; all these interviews were carry out by an office of a private investigators.

Unfortunately, my Defense Lawyer didn't prepare my defense legally and in the last day of the jury I saw the Fiscal gentleman outside of the court building beside El Camino Real investigating the last person of my defense. I believe that that was illegal. He used that against me with the kind of questions that the made to Mrs. Guillermina Muñoz. He didn't give her an opportunity to clarify the questions of the gentleman Fiscal; also she suffers of STRESS.

Honorable Ronald Lisk: All the interviewed people want to come in court again before a new judgement, and declare all that they know in the before the court.

235

Also, they didn't provide me an interpreter upon the beginning of the court and the judges. And (looks like) I understood, that do you asked to my Defense Lawyer that if you didn't offer me "motions or an Offer", "something like that I understood". But I don't know what is that?  " I wasn't told they anything about that".

Please I beg Honorable Ronald Lisk and to the Court "mercy" that you grant me an opportunity that my case reopens once more starting at the beginning. "Throughout a Motion".

I thank you again for reading my letter and for your time and consider this opportunity that I am begging with my sincere heart.

Sincerely,

Isidro Z. Hernandez
January 25. 2001

236

Enero 25, 2,001.

Señor Juez:

Esta carta es mi único medio para comunicarme con usted y le doy las gracias de antemano, por su tiempo y por leerla.

Yo he sido convicto de un crimen, y estoy enfrentando muchos años en Prisión, y honestamente siento yo que no es justo. Estoy apelando a usted Señor Juez, y a la Corte Suplicándoles Misericordia, para pedirles que se rehaga mi caso desde el principio por medio de una "Moción", y con un nuevo Abogado Defensor.

Tengo razones válidas para demostrar que he sido mal representado por mi Abogado Defensor desde el comienzo de mi caso.

Señor Juez: Yo no sé nada de Leyes, y no hablo ni entiendo muy bien Inglés. Pero yo creo en el Dios todopoderoso y en su Justicia, y yo Apelo ante usted por Misericordia, y por la gracia de Dios.

Tengo mis copias de información de personas entrevistadas que se obtuvieron bajo investigación como: Testigos Oculares, Familiares, Parientes, Amigos cercanos de la Escuela y la Iglesia; todas estas entrevistas las llevó acabo una Oficina de Investigadores Privados.

Desafortunadamente mi Abogado Defensor, no preparó a mí Defenza Legalmente, y el último día del Jurado yo ví al Señor Fiscal afuera del edificio de la Corte al lado del Camino Real interrogando a la última persona de mi defenza, y yo creo que esto es ilegal, pues la usó en contra de mí con la clase de preguntas que él le hizo a la Señora Guillermina Muñoz. A ella no se le dió la oportunidad de aclarar las preguntas del Señor Fiscal, además ella padece de STRESS, → OVER → 237

Señor Juez: Todas las personas entrevistadas, quieren presentarse
en Corte, ante un Juicio Nuevo, y declarar todo lo que
saben ante la Corte.

Además, a mí no se me proveyó un interprete al comenzar
la Corte con Jurado. Y(parece) que entendí ¿Que usted le
preguntó a mi Abogado Defensor, que si a mí no me ofrecieron
Mociones, o Oferta, algo así entendí? Pero no se que es eso?
A mí no se me dijo nada de eso.

Por favor le Suplico al Señor Juez, y a la Corte "Misericordia"
de que me concedan una oportunidad de que se rehaga
mi caso nuevamente desde el principio (Mediante una Mocion)

Y le doy las gracias nuevamente por leer mi carta y por
su tiempo, y considere esta opotunidad que le estoy
suplicando con este corazón sincero.


Attentamente: Isidro Hernandez Z.

Enero 25, 2,001.



238

FROM : ALL ACTION SECURITY        FAX NO. : 5107429000        Jan. 31 2001 08:54PM P5

Leon Guanajuato, Mexico
January 1, 2001

Mr. Isidro Hernandez Zuniga

Very respectfully I go to you Honorable Judge.

I am the mother of Mr. Isidro Hernandez. My name is Ma. Dolores Zuniga and I live in León Guanajuato, Mexico. We all are and my children are honorable and hard workers, they have never had problems with the law. My son Isidro has lived all his life in the United States without any problems and less with this country's law; because he knows those laws and also his religion don't allow him to do wrong.

Honorable Judge, I am mother and like a human being, I request for charity with all the respect, have mercy of him since the accusations that they made to him are false and they come from people that are mentally wrong and that they are of vengeance. My son loves this country and has respected it always.

Honorable Judge, my son is innocent of those charges, don't sentence him please. Don't allow him to die, he doesn't deserve so much cruelty and give him an opportunity, He is a good man and has a right to live like human being. He is my son Honorable Judge and has a right to be defended well.

Honorable Judge excuse me and thank you

His mother  Ma. Dolores Zuniga

I, **Cathy Banegas**, am competent to translate from Spanish to English and certify that this translation is complete and correct from the original document.

*Cathy Banegas*

Cathy Banegas

241

# EXHIBIT 5

BRYANT, J

## IN THE
## SUPREME COURT OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA,
Plaintiff and Respondent

vs.

ISIDRO HERNANDEZ,
Defendant and Appellant.

After a Decision by the Court of Appeal of the State of California
Sixth Appellate District
Case No. H023487

On Appeal from the Superior Court of the County of Santa Clara
The Honorable Ronald T. Lisk, Judge
Case No. EE 014916

## PETITION FOR REVIEW

**LAW OFFICES of FLORES & BARRIOS**
Sidney C. Flores, California State Bar No. 64082
97 E. Saint James Street, Suite 102
San Jose, California 95112
Post Office Box 266
San Jose, California 95103-0266
Tel: (408) 292-3400  Fax: (408) 292-3421

Attorney for Defendant and Appellant Isidro Hernandez

TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES ................................................................................. ii

I. ISSUES PRESENTED.................................................................................... 1

II. WHY REVIEW SHOULD BE GRANTED......................................................... 2

III. FACTUAL AND PROCEDURAL HISTORY.................................................... 2

      A. The Facts................................................................................................ 2

      B.  Procedural History................................................................................ 4

      C. The Court of Appeal Opinion ............................................................... 5

IV.  LEGAL DISCUSSION................................................................................... 5

EVIDENCE CODE SECTIONS 782 AND 1103

WERE APPLICABLE HEREIN ......................................................................... 5

V.  DEFENSE COUNSEL'S FAILURE TO FILE A 782 MOTION WAS

HIGHLY PREJUDICIAL....................................................................................7

VI. CONCLUSION...............................................................................................9

## **TABLE OF AUTHORITIES**

### **Cases**

People v. Franklin

(1994) 25 Cal.App.4th 328 ...................................................................6

### **Codes**

Evidence Code Section 352...............................................................3

Evidence Code Section 356...............................................................7

Evidence Code Section 780...............................................................2,3,4,8

Evidence Code Section 780(a)...........................................................8

Evidence Code Section 780(c)...........................................................7

Evidence Code Section 780(d)...........................................................7

Evidence Code Section 780(f)...........................................................7

Evidence Code Section 780(h) 1235....................................................7

Evidence Code Section 782...............................................................2,3,4,5,6,7,9

Evidence Code Section 785...............................................................7

Evidence Code Section 788...............................................................7

Evidence Code Section 1103.............................................................5

Evidence Code Section 1103(c)(1)......................................................5

Penal Code Section 261....................................................................2

Penal Code Section 262 ...................................................................2

Penal Code Section 262(a)(2).............................................................4

Penal Code Section 269 ...................................................................1,3,4

Penal Code Section 288....................................................................1,2

Penal Code Section 288.5..................................................................6

Penal Code Section 288(b)(1)................................................................4

Penal Code Section 780 ..............................................................1,3

Penal Code Section 782................................................................1,3

Penal Code Section 782, subd.(a)(1)(2)..................................1

Penal Code Section 803.................................................................4

Penal Code Section 1203.066 (a)(1).......................................4

Penal Code Section 1385...............................................................4

## Court Rules

California Rules of Court, Rule 28(b)(1) ..............................................1

## PETITION

TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA

### I.

### ISSUES PRESENTED

1. Is an Evidence Code Section 782 motion proper to make in a case involving prosecution of Penal Code Section 269 and 288, and, where the conduct about which the defense seeks to inquire about is not consensual but other act of alleged molestation?

2. Was defense counsel's failure to timely submit an Evidence Code Section 782 motion rise to the level of ineffective assistance of counsel?

3. Was defense counsel's failure to timely submit such a motion prejudicial to defendant/appellant.

### II.

### WHY REVIEW SHOULD BE GRANTED

Review should be granted to resolve important questions of law. California Rules of Court, Rule 28(b)(1).

Defendant, ISIDRO HERNANDEZ, 47 years of age, was sentenced to a sentence of 12 years consecutive to a 15 year to life sentence, which effectively is a life sentence.

This case presents significant questions of law in that Penal Code Section 782 is unclear as to whether a prior molestation constitutes "sexual conduct" of the victim.

Clearly it, and not section 780, allows for a "hearing out of the presence of the jury" and allows for the "questioning of the complaining witness regarding the offer of proof made by the defendant." (P.C. § 782, subd.(a)(1) and (2)).

On appeal herein defendant has argued that his trial counsel's failure to argue the applicability of P.C. section 782, and, to present a motion in order to allow for the questioning of the complaining witness in essence was both ineffective assistance of counsel, and, prejudicial. The grievous nature of the crimes alleged and the sentence rendered him

1

both underscores the seriousness of this case and the fundamental rights affected.

III.

## FACTUAL AND PROCEDURAL HISTORY

### A. The Facts

According to the proposed witness statements, or prior inconsistent statements of Guadalupe Does, mother Delfina Munoz, had witnessed her daughter being sexually assaulted by her new husband and step-father to Guadalupe Doe, as well as hearing her daughter scream and saw her husband rolling off the bed. (R.T. Vol. 1, pg. 17, L. 6-13, pg. 21, L. 2-23).

Court: "Your offer Mr. Rekoon, is that you would tend to impeach this witness under 780 of the Evidence Code?"

Rekoon: "Yes, it would be 780. And also in more general terms, to counter the District Attorney's claim that the incident with the stepfather could not possibly have caused the damage to the vaginal area, our position is counter to that. That here are statements give by both Delfina and Guadalupe regarding the nature of that incident, that leads one to believe that it wasn't merely hands on clothing, touching."

A clear reading of Evidence Code Section 782 informs the reader that Evidence Code Section 782 is applicable to Penal Code cases concerning Sections 261, 262 and 288, "if evidence of sexual conduct of the complaining witness is offered to attack the credibility of the complaining witness under Evidence Code Section 780, the following procedures are required:

"(1) A written motion shall be made by the defendant to the court and prosecutor stating that the defense has an offer of proof of the relevancy of evidence of the sexual misconduct of the complaining witness proposed to be presented and its relevancy in attacking the credibility of the complaining witness.

(2) The written motion shall be accompanied by an affidavit in which the offer of proof shall be stated.

(3) If the court finds that the offer of proof is sufficient, the court shall order a hearing

2

out of the presence of the jury, if any, and at the hearing allow the questioning of the complaining witness regarding the offer of proof made by defendant.

(4) At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the complaining witness is relevant pursuant to Evidence Code Section 780, and is not inadmissable pursuant to Evidence Code Section 352 of this code, the court may make an order stating what evidence may be introduced by the defendant, and the nature of the questions to be permitted. The defendant may then offer evidence pursuant to the order of the court.

(b) As used in this section, "complaining witness" means the alleged victim of the crime charged, the prosecution of which is subject to this section."

Thus, it is apparent that defense Counsel through his inability to follow Evidence Code Section 782 and comply with such a motion at the time of trial, caused the appellant to lose the ability to have a hearing In camera with the complaining witness, so as to allow the Court to properly determine the viability of the defense that someone other than the Appellant has caused the penetration trauma to Guadalupe Doe's hymen. The Court would have been able to evaluate the credibility of Guadalupe Doe and properly balance the Appellant's Constitutional right to a fair trial and the ability to defend himself versus the right of the People to have a fair trial, as well. The failure of the defense counsel to present a timely filed and written motion with affidavit and in compliance with Evidence Code Section 782, grievously harmed Appellant from proceeding with a viable defense as to the potential indeterminate sentence of 15 years to life on the Penal Code Section 269 rape charge.

The Court, given non-compliance by defense counsel, as to Evidence Code Section 782, proceeded with his analysis of excluding testimony as to third party culpability, i.e. the step-father evidence of his having sexually assaulted Guadalupe Doe, on or about March 5, 2000 and which was reported to a police agency on March 10, 2000 which was before the May 19, 2000 exam at VMC with Ms. Ritter. (R.T. Vol. 3, pg. 252, L.1-2). The trial court ruled that Evidence Code Section 352 and Evidence Code Section 780 were applicable as the controlling sections. (R.T. Vol. 1, pg.29, L. 20-25). However, it is clear that in order to

3

apply Evidence Code Section 780 the defendant must comply with Evidence Code Section 782, which was not done.

It is very important to note that Ms. Ritter, a Physician's Assistant, the prosecution's expert on trauma to the hymen, further testified that the trauma to the hymen of Guadalupe Doe could have taken place at least "... a week or two prior. But it could have been a month or two. It could have been a year or two. All I- we're not very good at being able to age these injuries other than say that there is fresh injury or not." (R.T. Vol. 3, pg.277, L.22-28).

There was further exclusion of evidence based on failure to comply with Evidence Code Section 782, i.e. any reference to the minor having watched pornography or a "son" laying on top of Guadalupe Doe. (R.T. Vol 1, pg. 30, L. 7-11 and 27-28, pg. 31, L. 2-9).

**B. Procedural History**

Following a preliminary examination (C.T. 1), Appellant was charged by information with four offenses arising from the three different time periods as set forth above and as follows:

Count 1: Penal Code Section 288 (b)(1), a felony, within the meaning of Penal Code Section 1203.066(a)(1);

Count 2: Penal Code Section 288 (b)(1), a felony, within the meaning of Penal Code Section 1203.066(a)(1);

Count 3: Penal Code Section 288 (b)(1), a felony, within the meaning of Penal Code Section 12033.066(a)(1);

Count 4: Penal Code Section 269, a Felony, aggravated sexual assault of a child under 14 and 10 or more years younger than the defendant in violation of Penal Code Section 262 (a)(2).

Trial began on December 5, 2000 and the jury began deliberations on December 12, 2000 and rendered a verdict on the same day. The Jury found the Appellant guilty of Count 2, 3, and 4 and rendered a guilty finding as to Count 1, but found an element not true as is required by Penal Code Section 803 in order to obtain a conviction for Count 1, which required the Court to dismiss Count 1, per Penal Code Section 1385. (R.T. Vo. 7, pg. 507, L. 8-14).

4

On August 17, 2001, the Trial Court sentenced Appellant to midterm, 6 years consecutive for Count 2 and Count 3 and Consecutive 15 years to life (indeterminate) on Count 4.

After timely filing his Notice of Appeal, Opening and Reply Briefs, the Sixth Appellate District Court, on May 16, 2003, filed its decision, which decision became final on June 15, 2003.

### C. The Court of Appeal Opinion

The following rulings and findings comprise the basis upon which the Sixth District Appellate Court affirmed Mr. Hernandez's conviction:

1. Whether a prior molestation constitutes "sexual conduct" of the victim within the meaning of Evidence Code Section 782 is unclear. [decision at p.5]

2. Given the state of the law, we cannot say it was unreasonable for defense counsel to conclude that Evidence Code Section 782 did not apply [Id., at p.6]

3. Even if that counsel's failure to file a Evidence Code Section 782 motion was unreasonable, defendant cannot prove prejudice. [Id., at p.6]

IV.

### LEGAL DISCUSSION

### EVIDENCE CODE SECTIONS 782 AND 1103 WERE APPLICABLE HEREIN

At trial the prosecution by way of *motion in limine* sought to exclude evidence of Guadalupe Doe's sexual conduct with her step-father on the basis that *inter alia*, it was "non-consensual" and therefore did not fall within the provisions of Evidence Code section 782. (CT 90:3-7) It was also argued that the sexual history was not admissable to prove consent pursuant to Evidence Code section 1103 (c) (1). (CT 85:17-20) In oral argument on said motion the prosecution furthermore sought to exclude said evidence, in variance to the previously stated position, on the grounds that the defense had failed to abide by the provisions of Evidence Code Section 782 given as it had failed to file a written motion thirty (30) days prior to trial. (RT 13:22-23).

The defense never sought to introduce such evidence to prove consent. It only sought to do so to attack the complaining witness's credibility. The credibility of an alleged victim

5

in a sexual molestation cases is *always at issue*. This was recognized by the trial court in it's initial evaluation when it stated: *"Keep in mind, because this statute [782] is also there to protect persons who are falsely accused of felony offenses when there is evidence brought out by the comment that this person having consensual conduct with him or others, and then complained that others had forcible conduct with him or her."* (Citation added.) (RT 15:6-11)

With regards to the prosecution's claim that Evidence Code Section 782 did not apply to cases involving non-consensual conduct the trial court pointed out: *"But, yes, one might think conduct would imply the victim's or witness's sexual conduct would be all of the consensual nature, when, in fact, it doesn't say in the statute that it's always consensual, it just says sexual conduct."*

In People v. Franklin (1994) 25 Cal.App.4th 328 the court stated that the term *sexual conduct* should not be narrowly construed. (*Id* at 334). In Franklin involving a section Penal Code Section 288.5 prosecution, the court was faced with the issue of admitting a false statement made by the victim that her mother had orally copulated her. The court reasoned: "The instance of conduct being placed before the jury as bearing on credibility is the making of the false statement, not the sexual conduct which is the content of the statement." (Id at 335.)

The Franklin court further stated:

"Even though the content of the statement has to do with sexual conduct, the sexual conduct is not the fact from which the jury is asked to draw an inference about the witness's credibility. The jury is asked to draw an inference about the witness's credibility from the fact that she stated as true something that was false. The fact that witness stated something that is not true as the true is relevant on the witness's credibility whether she fabricated the incident or fantasized it." (Emphasis added.) (Id at 336).

In the instant case the offers of proof made at trial were that: (1) there existed a retaliation theory based on the fact that the defendant had "kicked out" the victim's mother and children, including victim, from the house jointly inhabited by them. (RT 10:9-13); and (2) that the step-father offered the victim's mother one thousand dollars to withdraw the

charges. (RT 27:16-19)  There were before the court therefore two combined possible motives for fabrication against Mr. Hernandez. Thus, here the issue of the alleged victim's credibility were both critical, and unexamined.  If the trier of fact found it true that Guadalupe Doe falsely stated that her step-father molested her, the statement would be relevant to the trier of fact's determination of her credibility on defendant's culpability. The aforestated evidence was not admitted.

V.

## DEFENSE COUNSEL'S FAILURE TO FILE A 782 MOTION
## WAS HIGHLY PREJUDICIAL

It is hornbook law that the credibility of a victim in a sexual molestation case is always at issue. Here, as the court record clearly indicates, defense counsels' reason for not filing an Evidence Code Section 782 motion was based simply on a misunderstanding of the law and was *not tactical* in nature.   It was thus pure error that caused him to relinquish Mr. Hernandez's right to cross-examine his accuser. In the *Essentials of Cross-Examination*, Leo R. Friedman sets forth twelve objectives which counsel should pursue in cross-examination:

1. To develop favorable matters that have been left unsaid on direct examination;

2. To introduce all of a conversation or document, if the witness has testified to only a part out of context (see Evid C § 356);

3. To demonstrate that the witness is lying (see Evid C § 785);

4. To establish that the witness could not have seen or heard what he claimed (see Evid C § 780 (d));

5. To test the witness's ability to hear, see, remember, and relate with accuracy what he testified to (see Evid C § 780(c));

6. To establish the witness's bias or prejudice (see Evid C § 780(f);

7. To establish any interests, pecuniary or otherwise, the witness may have in the outcome of the trial (see Evid C §780(f));

8. To impair the credibility of the witness, e.g., by inducing him to admit that he made statements on a prior occasion contrary to his testimony on direct examination, or by laying the foundation for proof of contradictory statements (see Evid C § § 780 (h), 1235);

7

9. To impeach the witness by proof that he has been convicted of a felony (see Evid C § 788; note the limitations on use of this proof);

10. To bring to the attention of the jury that the witness testifies evasively, hesitantly, belligerently, or so slowly that he seems to be struggling to support his testimony in chief (see Evid C § 780(a);

11. To establish that the witness has been coached and has memorized his testimony; and;

12. To impeach the witness in any other way permitted by law(see generally Evid C § 780. (pp. 10-11).

In examining the ancient origins of cross examination Judge Friedman further instructs: Today we have done away with ancient barbarous methods of determining the truth, such as torture and star chamber procedures. But other forms of coercion, physical and mental, may still induce a witness to give false testimony in the hope of gaining immunity or reward, or out of fear, prejudice, or desire for revenge. Cross-examination is the primary civilized tool for bringing these motives and untruthfulness of the testimony to light. Failure to examine a witness's background, recollection, bias, and knowledge of the subject still can and often does lose a case that should have been won. (p.6)

Respondent argues that even if, assuming arguendo, defense counsel's misinterpretation of the law constituted ineffective assistance of counsel, there was no prejudice. (RB 22) It's reasoning is that the court "considered the issue" on the theory of third party culpability and accepted counsel's offers of proof. As the record in this case indicates a "fly by the seat of your pants" approach in a case with so much at stake is far from adequate representation. When, as here, there exist possible motives for fabrication, an analysis of relevance, probative value versus prejudicial effect, etc., requires a more thorough and lucid examination of the myriad of human nuances discernable only on cross-examination. The constitutional guarantees of this time-tested method for ascertaining the truth are inadequate provided by a 402 hearing and counsels' offers of proof. Neither of these are equivalent to, nor a substitute for, cross-examination.

8

VI.

**CONCLUSION**

Mr. Hernandez simply did not get a fair trial. His defense Counsel failed to properly prepare an Evidence Code Section 782 motion, so as to allow for a hearing, outside the presence of this jury to determine what evidence of prior sexual conduct that Guadalupe Doe was subjected to by her step-father (R.T. Vol. 1, pg. 26, L.19-28) and a son of a caretaker provider. (R.T. Vol. 1, pg. 30, L. 7-11).

For the foregoing reasons, review should be granted in order that the lower court's decision be remanded and the matter be remanded for trial.

Dated: June 25, 2003                    Respectfully submitted,

FLORES & BARRIOS


SIDNEY C. FLORES
Attorney for Appellant

9

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Santa Clara County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 97 E. St. James Street, Suite 102, San Jose, CA 95112. On this date I served:

## APPELLANT'S PETITION FOR REVIEW
### Case No. H023487

**XXXX**   by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States Post Office mail box at San Jose, California, addressed as set forth below. I am readily familiar with my firms' practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing an affidavit.

MR. JEFFREY BRYANT,
DEPUTY ATTORNEY GENERAL
455 GOLDEN GATE AVENUE
ROOM 11000
SAN FRANCISCO, CA 94102

HONORABLE RONALD T. LISK
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA
200 W. HEDDING STREET
SAN JOSE, CA 95110

HONORABLE GEORGE KENNEDY
DISTRICT ATTORNEY
COUNTY OF SANTA CLARA
70 WEST HEDDING STREET   5TH FLOOR
SAN JOSE, CA 95110

SANTA CLARA COUNTY SUPERIOR COURT
ATTN STEVEN V. LOVE, EXECUTIVE OFFICER
HALL OF JUSTICE
190 WEST HEDDING STREET
SAN JOSE, CA 95110

10

COURT OF APPEAL FOR THE SIXTH APPELLATE DISTRICT
MICHAEL J. YERLY, CLERK
333 WEST SANTA CLARA STREET, SUITE 1060
SAN JOSE, CA 95113

_____ by personally delivering a true copy thereof to the person and at the address set forth below.

___ by FAX (Telecopier) as follows: I personally sent to the addressee's Telecopier number a true copy of the above described document(s). I verified transmission and called the addressee and verified receipt. Thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed June 25, 2003 at San Jose, California.

ANECITA AGUSTINEZ

11

# COPY

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISIDRO HERNANDEZ,<br><br>    Defendant and Appellant. | H023487<br>(Santa Clara County<br>Super. Ct. No. EE014916)<br><br>**FILED**<br><br>MAY 1 6 2003<br><br>Court of Appeal - Sixth App. Dist.<br>By_____ DEPUTY |

A jury found defendant Isidro Hernandez guilty of three counts of forcible lewd acts on a child under 14 (Pen. Code, § 288, subd. (b)(1)) and one count of aggravated sexual assault of a child (Pen. Code, § 269). The trial court sentenced defendant to prison for a total of 27 years to life. On appeal, defendant contends that his trial counsel was ineffective because he did not file a motion pursuant to Evidence Code section 782,[1] to evaluate evidence that the victim had been subject to sexual abuse by someone other than defendant. We shall affirm.

## A.    FACTS

From 1992 until 1995, when the victim (Victim) was seven to 10 years old, she and her mother and two younger siblings lived with defendant and his wife in a house in San Jose. Victim's family lived with defendant again from 1997 until 1999, first in Cupertino and then in Sunnyvale. While Victim's family was living with defendant,

---

[1] Hereafter all unspecified statutory references are to the Evidence Code.

Victim's mother worked very long hours and defendant often cared for Victim and the younger children when their mother was at work.

In June 1999, Victim's mother got married, but she kept the marriage a secret and did not move in with her new husband right away. Within a few months, for reasons that are not entirely clear from the record, defendant and his wife told Victim's family to move out of the Sunnyvale house. Victim's family moved out in August or September 1999.

At trial, Victim testified to a series of incidents that began while the families were living together in San Jose and continued through their time in Sunnyvale. On one occasion in San Jose when Victim was about eight years old, and on two or three occasions while in Cupertino defendant called Victim into his bedroom, forced her on to the bed, kissed her, and fondled her breasts. While living in Sunnyvale in 1999, defendant again forced Victim onto the bed and this time he removed all her clothing and penetrated her vagina with his penis. It was only a few months later that the family moved out of the house.

Victim first told her mother about the molestations in March 2000. Mary Lou Ritter, a physician's assistant examined Victim on May 19, 2000. Ms. Ritter observed a narrowing of Victim's hymen consistent with forcible penetration of her vagina sometime in the past. Ms. Ritter could not be specific about the timing of the injury other than to say that it had not occurred within the last week or two.

### B.    THE IN LIMINE MOTION

In March 2000, around the same time she reported defendant's prior molestation of her, Victim also reported that her mother's new husband had molested her. The prosecutor moved in limine to exclude that evidence. The defendant opposed the motion. Defendant denied that he had molested Victim. His theory was that Victim's mother was so angry with him about kicking her family out of the Sunnyvale house that she made her daughter lie to get revenge. Defendant's attorney argued that evidence that the stepfather

had molested Victim would explain the medical evidence to which Ms. Ritter was expected to testify.

The prosecutor characterized the evidence concerning the stepfather as "sexual conduct" of the victim offered to impeach her credibility and absent compliance with section 782, which requires a written motion and offer of proof, among other things, defendant was precluded from using it. Defendant's attorney countered that he did not believe section 782 applied because the evidence did not involve Victim's sexual conduct: "To me, sexual conduct is something that a person willfully undertakes and willfully goes into." Counsel argued: "But conduct, the word itself implies an affirmative act by the person so engaged, not the—I don't believe it contemplated the victim of a molest as having engaged in sexual conduct." The court agreed with defense counsel's reading of the statute. Consequently, the parties simply analyzed the issue under sections 780[2] and 352.

The prosecutor's offer of proof was that Victim had reported to police that her stepfather had touched her buttocks through her clothing but that there was never any skin-to-skin contact. During an interview with an investigator from the district attorney's office Victim denied having been raped by the stepfather. Accordingly, the prosecutor argued that the evidence was not relevant because it could not explain the evidence of forcible penetration.

Defense counsel argued "there are statements given by both [Victim's mother] and [Victim] regarding the nature of that incident, that leads one to believe that it wasn't merely hands on clothing, touching." Counsel's offer of proof recounted the results of interviews by the defense investigator: According to Victim's mother's brother, Victim's

---

[2] Section 780 provides in pertinent part: "Except as otherwise provided by statute, the court or jury may consider in determining the credibility of a witness any matter that has any tendency in reason to prove or disprove the truthfulness of his testimony at the hearing . . . ."

mother told him that she heard Victim scream from the bedroom and when she ran to see what had happened she saw her husband (Victim's stepfather) falling off the bed. Victim's mother's report of the incident was that Victim told her that the stepfather laid on top of her on the bed. Victim said she pounded on him until he got off of her. Counsel also offered the fact that Victim's mother had reported that her husband offered her $1,000 to withdraw the charges against him. The prosecutor responded that the district attorney had received the police report of the incident and had declined to file a complaint.

The court found the evidence "comes up a little short, if you will, of evidence that somehow the trauma observed by Ms. Ritter is attributable to someone else other than the defendant."

The court excluded the evidence.

### C.    DISCUSSION

The sole issue on appeal is whether defendant's trial attorney was constitutionally ineffective because he failed to prepare and file a motion pursuant to section 782. Presuming section 782 applies to evidence of prior molestations of the victim, the People argue there was no prejudice. We agree with the People.

A criminal defendant has a right to the effective assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art I, § 15.) To demonstrate constitutionally ineffective assistance of counsel, a defendant must prove two things. First, defendant must show that counsel's performance was unreasonable when measured by prevailing professional norms. Second, defendant must show that there is a reasonable probability that but for counsel's acts or omissions, the result of the proceeding would have been more favorable to the defense. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688.) "The proof of this inadequacy or ineffectiveness must be a demonstrable reality and not a speculative matter. [Citations.]" (*People v. Stephenson* (1974) 10 Cal.3d 652, 661.)

4

Section 782 was designed to protect rape victims from extensive questioning about their prior sexual history unless the defense is able to show in advance that the victim's sexual history is relevant to the issue of the victim's credibility. (See *People v. Casas* (1986) 181 Cal.App.3d 889, 895.) Under section 782, the defendant must (1) make a written motion "stating that the defense has an offer of proof of the relevancy of evidence of the sexual conduct of the complaining witness proposed to be presented and its relevancy in attacking the credibility of the complaining witness. . . ." (§ 782, subd. (a)(1)) and (2) accompany the motion with an affidavit stating the offer of proof. If the court finds the offer of proof sufficient, the court "shall order a hearing out of the presence of the jury, if any, and at the hearing allow the questioning of the complaining witness regarding the offer of proof made by the defendant." (§ 782, subd. (a)(3).) At the end of the hearing, if the court finds that the evidence "is relevant pursuant to Section 780, and is not inadmissible pursuant to Section 352 of this code, the court may make an order stating what evidence may be introduced . . . ." (§ 782, subd. (a)(4).)

In 1987, the Legislature amended section 782 to include sexual crimes against children within its coverage. (Stats. 1987, ch. 177, § 1, p. 1133.) The amendment was passed to "require the same specific detailed procedure if evidence of the sexual conduct of an alleged victim is offered to attack the credibility of the alleged victim in a prosecution involving lewd or lascivious acts as specified, upon a child under the age of 14 years." (Legis. Counsel's Dig., Assem. Bill No. 939 (1987 Reg. Sess.) Summary Dig., p. 56.) In passing the 1987 amendment, the Legislature obviously intended to protect children from embarrassing disclosures of sexual conduct to the same extent it protected adult victims of rape. (*People v. Harlan* (1990) 222 Cal.App.3d 439, 447.)

Whether a prior molestation constitutes "sexual conduct" of the victim within the meaning of section 782 is unclear. Section 782 does not expressly include it. Nor have we found any published case specifically holding that the statute does or does not encompass evidence that the victim had been molested by others. (See *People v. Harlan*,

5

*supra*, 222 Cal.App.3d 439; *People v. Daggett* (1990) 225 Cal.App.3d 751; *People v. Franklin* (1994) 25 Cal.App.4th 328.)  Given the state of the law, we cannot say it was unreasonable for defense counsel to conclude that section 782 did not apply.  Moreover, in light of the equivocal application of section 782 to the evidence he wanted to use and the trial court's power to exclude it under section 782 if defendant's offer of proof is insufficient, counsel may have decided that it was tactically preferable to wait until trial and offer the evidence under section 780.  In any event, even if counsel's failure to file a section 782 motion was unreasonable, defendant cannot prove prejudice.

Defendant's argument on the issue of prejudice is that if his trial counsel had filed a section 782 motion the court would have permitted Victim to be questioned in camera about prior assaults that could have caused the hymeneal changes Ms. Ritter observed.  In other words, if his counsel had been given the opportunity to cross-examine Victim in camera, he might have elicited that which he needed to support his defense.  The contention is unavailing.

First, under section 782 the defense must make an offer of proof to show that evidence of the sexual conduct of the victim is relevant to the issue of the victim's credibility.  (§ 782, subd. (a)(1).)  Only if the court finds the offer of proof sufficient on that score must the court order a hearing and allow the victim to be questioned.  (§ 782, subd. (a)(3).)  In the present case counsel made an oral offer of proof upon which the court presumed: "the stepfather on one particular occasion was on top of the victim, fully clothed, both fully clothed, no skin-to-skin contact, no reports by the victim to anyone either in the medical field or the legal field, that is police, et cetera, or attorneys, or investigators, that there was skin-to-skin contact."  On those facts the court found that "it could not have been the stepfather, from everything the court has before it at this time, that it could not have been the stepfather to cause that type of trauma."  In short, the court found that the proof defendant offered was not relevant to the issue of Victim's credibility.  Thus, it is highly improbable that the court would have found the same facts

6

to be a sufficient offer of proof to warrant further questioning of Victim on the identical issue under section 782.

Second, defendant's argument is pure speculation. Even if the court did order an in camera hearing, there is nothing in the record to suggest that Victim would have testified to something other than that which she reported to her mother, the police, and the investigator who interviewed her.[3]

For these reasons, we find it is not reasonably probable that the outcome would have been any different had counsel made a motion pursuant to section 782.

### D.   DISPOSITION

The judgment is affirmed.

---

[3] In his reply brief defendant suggests that the trier of fact might have found that Victim's allegation against her stepfather were false, which also would have had a bearing upon Victim's credibility. This is not the theory upon which counsel sought to have the evidence admitted at trial and it is not an issue raised in defendant's opening brief. Accordingly, the issue is waived. (*Imperial Bank v. Pim Electric, Inc.* (1995) 33 Cal.App.4th 540, 546.)

_____
                    Premo, Acting P.J.


WE CONCUR:



_____
        Bamattre-Manoukian, J.



_____
        Wunderlich, J.



People v. Hernandez
H023487